BISSELL LUMBER COMPANY, Respondent, vs. NORTHWEST-ERN CASUALTY & SURETY COMPANY, imp., Appellant.

*February 9—March 9, 1926.*

*Schools: Contracts of officers with contractors of district: Va-lidity: Furnishing materials to building contractor: Lien: Action on contractor's bond: Materials furnished direct.*

1. A contract of a corporation whose treasurer and general man-ager and superintendent were respectively clerk and treasurer of a school district, to furnish materials to a contractor for the erection of a high school building within the district, is void and unenforceable. Sec. 348.28, Stats. p. 346.
2. The corporation cannot have a lien, under sec. 289.53, Stats., on moneys due the contractor, or recover, under sub. (2), sec. 289.16, from the contractor's surety an unpaid balance for material furnished the contractor; nor can it recover from the district for materials sold to it directly. pp. 347, 348.

APPEAL from a judgment of the circuit court for Oneida county: A. H. REID, Circuit Judge. *Reversed, with direc-tions.*

The action was begun by the plaintiff to recover for materials furnished the defendant high school district in building a high school. G. E. McCaustland was the con-

tractor and the *Northwestern Casualty & Surety Company*, appellant herein, was McCaustland's surety. The plaintiff was a corporation owning and operating a sawmill at Tripoli, where the high school was to be built. B. D. Stone was the resident manager and treasurer of the plaintiff corporation and also a stockholder in the company to the extent of $12,500 par value. At the same time he was clerk of the school district. H. R. Graeber was superintendent of the plaintiff corporation during the period and at the same time was treasurer of the school district.

Plans had been made to erect a high school in said district and specifications had been prepared by an architect at St. Paul. Notices had been furnished to contractors, and on the 3d day of August, 1922, the school board met with the bidders in the office of the plaintiff corporation, opened the bids, and authorized contracts to the lowest bidders, McCaustland being the lowest bidder on the principal contract. He was directed to procure a bond and present it to the board, when the contract would be entered into. The contractor seems to have furnished the bond August 30th, but the school clerk, on September 7, 1922, wrote a letter declining to accept the bond, and submitting another form. This bond appears to have been indorsed and accepted September 26, 1922. In the meantime, immediately after August 3d, the contractor had been notified by the clerk that the plaintiff corporation could furnish the necessary building materials, and McCaustland was requested to send in his specifications for bids. McCaustland purchased materials from the plaintiff corporation, as suggested by the school clerk, and the work on the school building proceeded before the contract was entered into in writing and before the bond was furnished. Before the building was fully completed the contractor failed to carry out the terms of his contract, and was put off the work and the building finished by the school district. The plaintiff corporation furnished to the con-

tractor more than $10,000 worth of materials out of a contract of over $19,000. The corporation also furnished the school board directly some materials to finish the building. The court found that there was a balance due and owing plaintiff corporation from the contractor of $4,236.18, and that the plaintiff furnished the school district directly materials to the extent of $440.90.

The case was tried before the court without a jury, and upon its findings of fact judgment was entered in favor of the plaintiff for the amount due from the contractor, which was declared a lien upon the amount in the school district treasury due and owing to the contractor, and the surety company was held for the balance due the plaintiff after the application of the treasury balance.

The sale of materials directly to the school district was held void.

The defendant *Surety Company* appeals, and the plaintiff filed notice of review as to that part of the judgment holding the sale of materials directly to the school district void, pursuant to sec. 274.12, Stats.

For the appellant there were briefs by *Shaw, Muskat & Sullivan,* and oral argument by *J. L. Newman,* all of Milwaukee.

*Charles F. Smith* of Rhinelander, for the respondent.

CROWNHART, J. The main contention of the appellant *Surety Company* is that the contract of the plaintiff, whereby it sold and delivered materials to the contractor, was absolutely void by virtue of sec. 348.28, formerly sec. 4549, Stats., which reads in part as follows:

"Any officer, agent or clerk . . . of any . . . school district . . . who shall have, reserve or acquire any pecuniary interest, directly or indirectly, present or prospective, absolute or conditional, in any way or manner, in any purchase or sale of any personal or real property or thing in action,

or in any contract, proposal or bid in relation to the same, or in relation to any public service, . . . shall be punished by imprisonment. . . ."

The above is a criminal statute, and if the clerk of the school district violated this statute in making the sale to the contractor of goods and materials, then such contract must be considered void and of no effect. It will be noticed that the clerk is forbidden to acquire any pecuniary interest, directly or indirectly, in any purchase or sale of any personal or real property, or in any contract, proposal, or bid in relation to the same, or in relation to any public service.

The clerk was the resident manager and treasurer of the plaintiff corporation. He was a large stockholder in the corporation. As such manager and stockholder he proceeded to contract with the building contractor for the sale of a large part of the materials to enter into the construction of the school building. It would seem clear on the face of this situation that Stone was interested and did acquire a pecuniary interest in the contract between the contractor and the district.

The plaintiff's assertion of a claim in this case against the *Surety Company* is an assertion that the plaintiff acquired an interest in the school contract by virtue of its dealings with McCaustland.

Sec. 289.53, formerly sec. 3347*dd*, Stats., provides:

"Any person, firm or corporation furnishing any material . . . to any contractor for public improvements in this state, except in cities of the first class, however organized, shall have a lien on the money, or bonds, or warrants due or to become due such contractor for such improvements; providing, such person, firm or corporation shall, before the payment is made to such contractor, notify the officials of the state, county, township, city, or municipality, whose duty it is to pay such contractor, of his claim by written notice."

Here is an express statute giving the plaintiff corporation a direct interest in the contract between the district and McCaustland, and the plaintiff is now asserting rights under said statute. Plaintiff also acquired a pecuniary interest in said contract by virtue of sub. (1), sec. 289.16, Stats., formerly sec. 3327a, which provides that in all contracts pertaining to a public building the contractor shall give a bond conditioned for the faithful performance of the contract, and the payment to each and every person or party entitled thereto of all the claims for work or labor performed and materials furnished in or about such contract. Sub. (2) of said section provides that any party in interest may maintain an action in his own name against such contractor and the sureties upon such bond to recover any damages he may have sustained by reason of the failure to pay such claims. Here, again, the plaintiff is seeking to enforce the provisions of the contract between the contractor and the school district and the surety bond given thereunder. It would seem too plain for argument that the plaintiff acquired an interest in the contract between the school district and McCaustland, and it is equally plain that a person who owns a large interest in a corporation by reason of his stock therein, and who is directly interested in the corporation as the manager thereof, and who, in behalf of the corporation, entered into a contract to furnish materials for a public school building, has a pecuniary interest in the contract between the contractor who builds the building and the school district. This interest is adverse to the school district, and it is an interest that the clerk of the school district has no right to have or acquire. In this case Stone was the agent of the plaintiff corporation, who made the contract with McCaustland to sell McCaustland the building materials. The plaintiff is bound by his acts, and the contract was void and cannot be enforced. It goes directly against the spirit

of the law as well as the letter of the law.   *Edward E. Gillen Co. v. Milwaukee,* 174 Wis. 362, 183 N. W. 679.

The circuit court correctly held that the plaintiff could not recover for the materials sold directly to the school district.

*By the Court.*—The judgment of the circuit court is reversed, with directions to enter judgment in accordance with this opinion.