WASHINGTON COUNTY, Respondent, vs. GROTH, imp., Appellant.

*December 7, 1928—February 5, 1929.*

For the appellant the cause was submitted on the brief of *Sawyer & Gehl* of Hartford.

For the respondent there was a brief by *Hy. P. Schmidt* of West Bend, district attorney, and *Henry Lockney* of Waukesha, of counsel, and oral argument by *Scott Lockney* of Waukesha.

CROWNHART, J. There are no facts stated in the answer justifying a finding of fraud or gross negligence on the part of the county in failing to notify the defendant Groth of the failure of the Mercantile Company to comply with its contract. The contract is alleged to be void because made by faithless officials. The county could act only through its proper officials, and for that reason bonds are required to protect the county, and for that reason the bond was required in this instance. The defendant bound himself that "if the said bounden principal shall, in all things, well and truly perform all the terms and conditions of the within and foregoing contract to be by Froehlich Mercantile Company performed, and within the time therein mentioned, . . . then this obligation is void; otherwise it shall be and remain in full force and virtue."

Here the obligation of the bondsman is direct and primary. It was and is his duty to see that the principal performs. Notice of breach or default is not required to be given him in order to maintain an action against him on his bond. 9 Corp. Jur. pp. 81, 85; 21 Ruling Case Law, p. 1071; *Hubbard v. Haley,* 96 Wis. 578, 589, 71 N. W. 1036.

The bond is unconditional, and no failure of duty on the part of the creditor, short of actual fraud or bad faith, will defeat the obligation of the bond. 21 Ruling Case Law, pp. 993, 1034–1036, 1080, 1081; *Fanning v. Murphy,* 126 Wis. 538, 549, 105 N. W. 1056.

While the answer abounds with assertions of wilful failure to notify, gross negligence, and fraud, no facts are stated from which any bad faith on the part of the county can be drawn.

The answer, based on lack of notice to the defendant Groth of the failure to perform by the defendant Mercantile Company, does not state a defense to the action.

As to the second defense, based on the ground that the contract is void and unenforceable because it was entered into in violation of the statute against malfeasance in office, we must look to the intent and purpose of the statute.

The contract provided for a refund by the Mercantile Company to the county on all cement sacks returned in good order. The sacks were to be paid for by the county with the cement in which they came. This was done, and then the county returned the sacks and demanded the refund. The contract was completely executed on the part of the county. It bought and paid for the cement and the Mercantile Company profited thereby. But the Mercantile Company accepted the return of the sacks and converted them to its own use, then refused payment, became insolvent, and is not now able to pay.

The obligation of the defendant Groth was and is to pay for the sacks if his principal does not. He in effect guaran-

tees the honesty and solvency of his principal. The principal has failed in both respects. It entered into the contract in bad faith and contrary to law, because Froehlich was an officer of the county and pecuniarily interested in his company and in the contract.

But the county, considered in its corporate capacity, did no wrong. The contract was within its public duty. It had the right and duty to purchase the cement to build its highways. Its officers violated the statute, became criminally liable, and subject to heavy penalties. The county, however, was guilty of no offense and was not penalized by the statute.

Now the purpose of the statute is too plain to require judicial construction. It is to prevent the public from being the victim of loss through the wilful misconduct of its officers. We are now asked to give it a construction that will defeat its purpose and make the public the sufferer by the statute designed for its protection. Generally, it is held that a contract entered into in violation of a penal statute is void. *Bissell L. Co. v. Northwestern C. & S. Co.* 189 Wis. 343, 207 N. W. 697; *Citizens Bank v. Jones,* 117 Wis. 446, 94 N. W. 329; *Ashland L. Co. v. Detroit Salt Co.* 114 Wis. 66, 67, 89 N. W. 904; *Quayle v. Bayfield County,* 114 Wis. 108, 115, 89 N. W. 892.

But there are many exceptions to the general rule. Under a Massachusetts statute forbidding an officer of a domestic insurance company from borrowing the funds of the company, where an officer borrowed money of the company in violation of the statute, such officer was not allowed to set up such illegal act in an action by the company on the contract to recover the loan. *Bowditch v. New England Mut. Life Ins. Co.* 141 Mass. 292, 4 N. E. 798. In that case the court said: "Each statute must be judged by itself as a whole, regard being had not only to its language, but to the objects and purposes for which it was enacted." Further, the court

said: "It [the statute] does not say that the corporation shall not lend, but that the officers shall not borrow."

To paraphrase,—our statute does not say that the county shall not contract to build highways, but that its officers, acting for the county in making a contract, shall not be financially interested in such contract.

Again the Massachusetts court said: "In other words, the purpose [of the statute] is to protect the corporation and the policy-holders from the dishonesty or self-interest of the officers."

How like the situation in this case! And how well the court there answers the contention of the defendants here!

So, too, Massachusetts has held that a contract made contrary to a statute forbidding any person from carrying on a business without a license did not avoid recovery for the price of goods sold. *Larned v. Andrews,* 106 Mass. 435.

The United States supreme court has sustained recovery by national banks of loans made contrary to a statute forbidding the same in excess of one tenth of their capital. *Gold-Mining Co. v. National Bank,* 96 U. S. 640; *Reynolds v. Crawfordsville First Nat. Bank,* 112 U. S. 405, 5 Sup. Ct. 213.

Where the complaining party is specially protected by the law and the agreement is not illegal *per se,* but merely prohibited, and the prohibition was intended for his protection, and the parties not being *in pari delicto,* he is entitled to recover. 13 Corp. Jur. p. 499, § 443, cases cited in note 39. The fact that the penalty is imposed only on the offending officer shows that the municipality or innocent party is not to be penalized.

It is admitted by appellant that this court has never gone so far as to construe this statute to enable the criminal party to escape with his booty to the injury of the innocent public. It is true that this court has used language to the effect that

a contract offending against the public policy declared by the statute is void, but we have never held that the public policy declared by the statute is to assist in defrauding municipalities. Such statements should be considered in connection with the facts in each case.

*Cashin v. Pliter,* 168 Mich. 386, 134 N. W. 482, was a case where a person was forbidden by statute, under penalty, to trade under an assumed name. There the court said:

"In interpreting the statute under consideration, it can be contended with reason, and in harmony with former decisions of this court construing acts somewhat analogous, we are inclined to the view, that it is not the intent to render a contract made in violation of this act absolutely null and void for every purpose. While, as heretofore stated, the general rule is well settled that a contract made in violation of a statute is void when the statute is otherwise silent, and contains nothing from which the contrary is to be inferred, nevertheless the diversity of legislation gives rise to varying exceptions to this rule; and before applying it in full the court should carefully scrutinize the particular statute under advisement, for the purpose of ascertaining, from the subject matter and language used, the object for which it was enacted and the intent of its makers, to the end that such intent may be rendered effectual and the indicated purpose accomplished. As this act involves purely business transactions, and affects only money interests, we think it should be construed as rendering contracts made in violation of it unlawful and unenforceable at the instance of the offending party only, but not as designed to take away the rights of innocent parties who may have dealt with the offenders in ignorance of their having violated the statute."

In *Michener v. Watts,* 176 Ind. 376, 96 N. E. 127, 36 L. R. A. N. S. 142, a statute made it a misdemeanor with penalty to sell a patent right without complying with the statute. The vendee of such patent right was allowed to recover the price paid therefor, and the court cites a large number of cases to the effect that where the statute is designed to protect one class of persons against the oppression

or fraud of another class, it will not be construed to make the parties *in pari delicto*. The court concluded:

"The duties prescribed by said sections of the statute are imposed upon the vendor of patent rights, and are for the protection of purchasers. The law was not violated by appellee. He committed no wrong, and is not precluded from affirmative relief."

A distinction should be made between the corporate municipality and the corrupt officers who represent it. The county is the corporate public and is innocent of any wrong. The county is asking only pay for goods delivered to the Mercantile Company at a fair, agreed price.

In *Norbeck & Nicholson Co. v. State*, 32 S. Dak. 189, 142 N. W. 847, it was held that a contract specially prohibited by the constitution of the state could not be enforced against the state, and stating that as a general rule such a contract is void. But the court said:

"To the general rule above stated there are exceptions which permit the party who has performed an illegal contract, and who has parted with consideration, to recover such consideration on the *quantum meruit* or *quantum valebat*. One exception to this general rule is where the law itself provides for such recovery. Another exception is where the parties are not *in pari delicto*, in which case the party not participating in the wrong may recover his consideration, but not the other party."

And the court added:

"It might be said that in the case present the defendant state is not *in pari delicto*, but this would not apply to plaintiff nor to the state officials who entered into this contract on behalf of the state."

So the court in that case suggests that the state might recover, if it was injured, but not its officers or the other party to the contract.

*Scotten v. State*, 51 Ind. 52, was an action on a promissory note payable to the state. The appellant signed the note as

surety. He answered that he signed as surety for the co-defendant Rogers, who received all the consideration, and that the money was loaned Rogers without real-estate mortgage. The statutes of Indiana provided that all such loans should be secured by real-estate mortgage. The court sustained the demurrer and said:

"The learned counsel have cited a large number of authorities supporting the doctrine that contracts prohibited by statute will not be enforced. . . .

"In *Deming v. State ex rel. Miller*, 23 Ind. 416, it was held that the general rule is, that the courts will not enforce contracts prohibited by statute, nor allow the recovery of money paid in pursuance of them; but the parties will be left without remedy whenever they are *in pari delicto*. But this rule is not applicable when the contract is prohibited for the mere protection of one of the parties against an undue advantage which the other party is supposed to possess over him. That was a suit to foreclose a mortgage upon certain real estate to secure a loan of school funds.

"The defense set up was, that the contract was prohibited by statute, because there was a prior incumbrance upon the land mortgaged. . . ."

The court held the mortgage valid. And the court in the instant case followed the ruling in that case and held the note valid against the maker and the *surety*. As to the surety the court simply said: "The note being valid as to the principal, it must be held valid as to the surety."

The rule above stated is further illustrated in *School City of Evansville v. Hickman*, 47 Ind. App. 500, 94 N. E. 828, where the court sustained an action in favor of a school teacher to recover on a contract to teach, made in violation of a penal statute, for a less wage than the statute fixed as a minimum. The court held that the law was for the protection of the teacher and that in entering into the contract she was not *in pari delicto* with the school officers who were penalized under the statutes.

We must distinguish between the corporate municipality

and its agents who perform the illegal act and violate the statute. In *Land, L. & L. Co. v. McIntyre,* 100 Wis. 245, 75 N. W. 964, this distinction is brought out. There a member of the county board received money from the county on such an illegal contract, and the county, not being *in pari delicto,* was allowed to recover the money so paid in a taxpayer's action.

In *Laun v. Pacific Mut. L. Ins. Co.* 131 Wis. 555, 111 N. W. 660, Mr. Justice TIMLIN presents many cases illustrating the general principles applicable in such cases. He there quotes with approval from *Harris v. Runnels,* 12 How. 79:

"It must be obvious, from such diversities of legislation, that statutes forbidding or enjoining things to be done, with penalties accordingly, should always be fully examined before courts should refuse to give aid to enforce contracts which are said to be in contravention of them."

The action here is not a taxpayer's action in equity, but is a direct action by the county on a contract fully executed by it. Taxpayers' actions in equity, when permitted, are not for the direct benefit of the taxpayer, but are for the benefit of the injured municipality. The municipality is treated as an innocent party defrauded by failure of its officers to do their duty. The right of action here is in the county. It is asserting its right under·contract. Justice demands that it be permitted to recover, and that the contract be held valid at its election. The county, in its corporate capacity, is not *in-pari delicto* with the other party to the contract. The statute is for the purpose of protecting the rights of the public represented by the county. As is said by Mr. Chief Justice VINJE in *Murphy v. Paull,* 192 Wis. 93, 101, 212 N. W. 402, after reviewing cases in this state:

"The principle running through the cases is this: (1) Not all contracts forbidden by statute are void," citing *Laun v. Pacific Mut. L. Ins. Co.* 131 Wis. 555, 111 N. W. 660.

The whole subject is admirably discussed and numerous cases cited in a note in 12 L. R. A. N. S. at p. 618 *et seq.*

The principle to be applied seems to be: where the contract is not expressly prohibited by statute; where the contract is not *malum in se;* or where the parties are not *in pari delicto,* courts will look to the purpose and intent of the statute and give it effect accordingly. The blameless party and the innocent victim may each have appropriate relief in the courts.

The demurrers were properly sustained.

*By the Court.*—The order of the circuit court is affirmed.