JAMES R. LONG, District Attorney, Outagamie County
Assistant District Attorney R. Thomas Cane of your office has requested my opinion relative possible conflicts arising out of the election of an individual, currently employed as principal in a city school system, to the office of alderman.
The City of Kaukauna has a city school system under secs. 120.40 to 120.58, Stats., and a fiscal board created under sec. 120.50, Stats., of which all aldermen are members. *Page 368 
You inquire whether said individual can continue to hold both positions.
Compatibility of offices is not involved, since only one office is involved. A school teacher in a city system is a city employe. State ex rel. Board ofEducation v. Racine (1931), 205 Wis. 389, 236 N.W. 553.
In 26 OAG 582 (1937), it was stated that a teacher in such case could not continue as alderman. The statute therein relied upon, sec. 62.09 (2) (c), Stats. (1937), is no longer on the statute books. It provided that a city office would become vacant if an officer acquired a pecuniary interest in certain contracts.
I am not aware of any statute which would totally bar a teacher in a city district from serving as alderman if elected. Elective officers are removable by recall election as provided in sec. 9.10, Stats., or by the common council, for cause. The possible conflicts which are apparent might be the basis for a recall election petition. However, whether they would amount to just cause for removal under sec. 17.16 (2), Stats., is a matter for court determination in the event the council wished to proceed in this manner.
An officer having a potential conflict must be careful to avoid violation of sec. 946.13, Stats.
In Heffernen v. Green Bay (1954), 266 Wis. 534, 542,64 N.W.2d 216, it was stated that an alderman could not avoid the impact of the statute by refraining from voting on the awarding of a contract. This decision was based on then sec. 62.09 (7) (d), Stats., which was repealed by ch. 603, Laws of 1959, when the Criminal Code was revised. In 52 OAG 367, 370 (1963), it is stated that a public officer may avoid a violation by refraining from voting or from participating in the negotiations providing that in his private capacity he did not bid for, negotiate, or enter into such contract.
Section 946.13, Stats., is a criminal statute which is to be construed strictly but most favorably to the party accused.
Section 120.49 (4) (d), Stats., provides: *Page 369 
"(d) All money appropriated for school purposes shall be under the direction of and shall be expended by the school board."
The council, under sec. 120.49 (4) (a), Stats., must approve the entire school budget. Such approval is by the fiscal board where one exists, by reason of sec. 120.49 (4) (a) and sec. 120.50 (3), Stats.
Section 946.13 (1), Stats., provides:
"(1) Any public officer or public employe who does any of the following may be fined not more than $500 or imprisoned not more than one year or both:
"(a) In his private capacity, negotiates or bids for or enters into a contract in which he has a private pecuniary interest, direct or indirect, if at the same time he is authorized or required by law to participate in his capacity as such officer or employe in the making of that contract or to perform in regard to that contract some official function requiring the exercise of discretion on his part; or
"(b) In his capacity as such officer or employe, participates in the making of a contract in which he has a private pecuniary interest, direct or indirect, or performs in regard to that contract some function requiring the exercise of discretion on his part."
While the school board acts as the contractor in most cases, it acts as an agency of the city and many of its contracts are of the nature that might well be considered as giving a school teacher a private pecuniary interest, direct or indirect. Section 120.41
(1), Stats., makes it clear that the city school system is not a separate legal entity. Where the school board acts as contractor, it acts for the city. "Its contracts are city contracts." State ex rel. Board of Educationv. Racine, supra, p. 396.
Section 120.49 (3) (a), Stats., authorizes a school board to enter into a contract with a principal. Section118.21, Stats., requires that there be a written contract which shall be filed with the school district clerk. A city contract is involved. There is no question but that the principal directly *Page 370 
enters into the contract within the meaning of sec. 946.13
(1) (a), Stats., or that he has a direct pecuniary interest therein. He does so in his private capacity. The only question is whether he, as alderman, isauthorized or required by law to perform in regard to that contract some official function requiring the exercise of discretion on his part.
While it is a close question, I am of the opinion that he is authorized to perform an official function requiring the exercise of discretion on his part. The fiscal board authorizes the funding of that contract, and while the monetary amount may well be hidden in the mass of funds necessary to fund the total school budget, and while the school board is in substantial charge of allocation of such funds, the alderman exercises discretion in the total amount of funds to be approved.
Abstention from voting on the fiscal board when the question of funding the budget, and hence the contract, comes up, would not absolve the individual from probable violation of sec. 946.13 (1) (a), Stats., if he had already entered into the contract during the time he was alderman. The only question would be whether he is authorized or required by law to perform in regard to that contract some official function requiring the exercise of discretion.
Another area of potential conflict is the power of the fiscal board under sec. 120.50 (5), Stats., to abolish the city school district and fiscal board and to create a common school district or a unified school district containing the territory of the city school district. If abolished, a conveyance would be necessary, among other things, and sec. 946.13 (4), Stats., defines contract to include a conveyance. It appears to me that as a teacher in the school system he might well have a direct or indirect pecuniary interest in the change from a city school district to an independent district and would at the same time be in a position where by voting he would exercise discretion in an official capacity.
We cannot speculate on the various circumstances which might give rise to the basis for a successful prosecution. A court, or court and jury, would determine the facts and apply the law if a prosecution were brought. *Page 371 
Since sec. 946.13 (3), Stats., makes any contract entered into in violation of this section void, it is possible to test claimed conflict in a specific case by means of a declaratory judgments action. An interested taxpayer or city officer could bring an appropriate action which would indirectly test the alderman's right to serve as alderman and employe. Quo warranto is another possible method of testing the alderman's right to hold office, although its use in the instant case is somewhat questionable.
An opinion from this office is not a suitable vehicle to pressure a duly elected official into resigning as alderman or teacher, especially where the question of conflict is debatable and may be subject to avoidance.
RWW:RJV