STATE, Respondent, v. DAVIS, Appellant.

*No. State 125. Argued March 6, 1974.—Decided April 2, 1974.*
(Also reported in 216 N. W. 2d 31.)

78

For the appellant there was a brief and oral argument by *Larry W. Rader* of Wausau.

For the respondent the cause was argued by *Charles R. Larsen,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

HANLEY, J. The primary issue presented on this appeal is whether the good-faith advice of governmental counsel when said counsel is authorized or required to give said legal opinion is a defense to criminal action resulting from defendant's good-faith reliance thereupon.

The defendant contends that the advice and direction of governmental counsel bars prosecution in the instant action. The basis of said contention is that the defendant, prior to the actions herein in question, sought the advice and counsel of the corporation counsel for Marathon county and the assistant district attorney for Portage county concerning the legality of such actions and relied upon their assurances as to its propriety.

It is obvious that the corporation counsel for Marathon county is statutorily required to give legal opinions to the county board concerning the powers and duties of the board and its members.

"59.07 **General powers of board.** The board of each county may exercise the following powers, which shall be broadly and liberally construed and limited only by express language:

". . .

"(44) CORPORATION COUNSEL. In counties not having a population of 500,000 or more, employ a corporation counsel, and fix his salary . . . The duties of the corporation counsel shall be limited to civil matters and may include giving legal opinions to the board and its committees and interpreting the powers and duties of the board and county officers. Whenever any of the powers and duties conferred upon the corporation counsel are concurrent with similar powers or duties conferred by law upon the district attorney, the district attorney's powers or duties shall cease to the extent that they are so conferred upon the corporation counsel and the district

attorney shall be relieved of the responsibility for performing such powers or duties. Opinions of the corporation counsel on all such matters shall have the same effect as opinions of the district attorney. The corporation counsel may request the attorney general to consult and advise with him in the same manner as district attorneys as provided by s. 165.25 (3)."

The district attorney is likewise required to so advise the board and its officers in situations in which there exists no corporation counsel or he is proscribed from acting. Sec. 59.47 (3), Stats.

It is likewise obvious that the statutory limitation of sec. 59.07, Stats., to civil matters is herein not applicable. The county board and its members should be apprised of the statutory limitations, both civil and criminal, resulting from specific actions of the board.[1] It would, in fact, effectively negate the salutary services given by the corporation counsel in apprising the county board of the legal implications of its actions to so artificially limit the corporation counsel's actions. We think the limitation of the corporation counsel's duties to civil matters was instituted by the legislature solely to proscribe prosecution by a corporation counsel of state criminal violations. Such is singularly within the province of the district attorney. There exists no proscription to giving legal opinions to the county board and its members while said members are performing their governmental duties.

Thus, if the corporation counsel (or district attorney in specific situations) so advised the county board or a member thereof in good faith as to the legal implications

---

[1] Sec. 946.13 (4), Stats., for example, declares such contracts to be void. *Bissel Lumber Co. v. Northwestern Casualty & Surety Co.* (1926), 189 Wis. 343, 207 N. W. 697; *Reetz v. Kitch* (1939), 230 Wis. 1, 283 N. W. 348. This has been interpreted, however, as giving the county board or whomever the discretion of either voiding said contract or requiring its enforcement. *Washington County v. Groth* (1929), 198 Wis. 56, 223 N. W. 575.

of his actions, and if that county board relies in good faith on the correctness of that legal opinion, and if the procedure following such opinion is open and unconcealed, the question arises as to the efficacy of disallowing the defense of advice of counsel in criminal actions resulting therefrom.

The attorney general relies upon *Hopkins v. State* (1949), 193 Md. 489, 69 Atl. 2d 456, as authority for the position that reliance upon the legal opinions of a state official will not excuse an individual from a criminal action arising as a result of actions in reliance upon that opinion. *Hopkins* involved a prosecution of a Reverend William F. Hopkins for violation of a statute making it a criminal violation to erect or maintain any sign intended to aid in the solicitation of performance of marriage. The defendant therein inquired of the state's attorney as to the legality of erecting such a sign and was advised that the erection of such a sign would not violate the law. On appeal, the court ruled that the good-faith reliance on the legal opinion of the state official did not constitute a defense to a violation of the law resulting therefrom. The rationale behind such a decision was that ignorance of the law is no excuse and the exemption from punishment of one who in good faith relies upon the legal opinion of a public official would place the advice of counsel above the law itself.

Although we note that in *Hopkins* the attorney general was under no statutory duty to render an opinion and the defendant had no legal right to rely upon it, we do not fault the general rule as enunciated in *Hopkins*—that ignorance of the law shall provide no defense. *See* sec. 939.43, Stats. It is our opinion that a blind application of such a rule would violate the principle of "fundamental fairness" implicit in our jurisprudence system. The prosecution of an individual who relies on the legal opinion of a governmental official who is statutorily required to so opine would, in our opinion, impose an

unconscionable rigidity in the law. Especially under the facts and circumstances of the instant case.

We conclude that under the facts of the instant case the good-faith authorized legal advice of governmental counsel and defendant's good-faith reliance thereupon is a defense to a prosecution under sec. 946.13, Stats.

The possibility of an abuse of such a defense is effectively eliminated by limiting its application to the good-faith reliance upon the legal opinion of a governmental officer whose statutorily created duties include the rendering of legal opinions as to actions of specific individuals or groups. In addition, the action of any individual or group relying on such opinion would have to be taken in good faith, open and unconcealed.

*By the Court.*—Judgment of conviction is reversed and cause remanded with directions to dismiss the complaint.