WILLIAM E. CHASE, District Attorney Ashland County
You request my opinion whether the Ashland County Board of Supervisors violated sec. 66.77 (6), Stats., in voting for the appointment of a county zoning administrator under the following statement of facts:
 "The Ashland County Board of Supervisors met in a special meeting on May 20, 1975. One of the items on the agenda at that meeting was the appointment of a Zoning Administrator for Ashland County pursuant to section 12.0 of the Ashland County Amendatory Ordinance which provides in part, `The Ashland County Board of Supervisors shall appoint a Zoning Administrator who shall be responsible for enforcing the provisions of this ordinance . . .'. The appointment was made by a secret ballot of the Board of Supervisors, i.e., each board member put his choice on a slip of paper, the slips were put in a hat and the votes were then *Page 74 
tallied. The Zoning Administrator was selected by a majority of the Board of Supervisors on the second ballot. No board member asked that the vote of each member be ascertained and recorded."
It is not wholly clear whether the position referred to is a county building inspector authorized by sec. 59.07 (16), Stats., the appointing authority for which is the county board, or an office or position created under sec. 59.025 (3), Stats. For the purposes of this opinion, it is assumed that an office is involved and that the board had power to create and fill such office.
I am of the opinion that there was a violation of sec. 66.77 (6), Stats., under the facts stated.
Section 66.77 (6), Stats., provides:
 "(6) Unless otherwise specifically provided by statute, no secret ballot shall be utilized to determine any election or other decision of a governmental body at any meeting, and any member of such body may require that a vote be taken in such manner that the vote of each member may be ascertained and recorded."
I am aware of no specific statute which would authorize the use of a secret ballot in this instance. The prohibition in the statute prohibits the use of secret ballots in both open and authorized closed meetings. It refers to elections and decisions and would include appointments made by collective action by the members of the county board. These and related questions are discussed in an opinion to the Corporation Counsel for Oneida County dated November 22, 1974, a copy of which is enclosed.
You further inquire what course of action can be pursued if a violation is present.
If a verified complaint is made, you may institute an action against those county board members who were present at the meeting to recover the forfeiture provided in sec. 66.77 (8), Stats. However, a court might hold that members are not subject to a forfeiture if it were proven that they acted in reliance upon advice given by their district attorney or county corporation counsel. State v. Davis (1974), 63 Wis.2d 75,216 N.W.2d 31. *Page 75 
The appointment is presumed valid until held otherwise in a proper action. However, I am of the opinion that it could be voided in an action brought under sec. 66.77 (3), Stats., which provides that "action taken at a meeting held in violation of this section shall be voidable." This language refers to any action taken in violation of any provision of sec. 66.77, Stats.
BCL:RJV