WILLIAM A.J. DRENGLER, Corporation Counsel Marathon County
You request advice to clarify language in unpublished opinions of this office, OAG 31-83, dated August 11, 1983, and OAG 38-82, dated May 20, 1982. The latter opinion was addressed to you and stated in part:
 You request my opinion whether the Human Services Board of Langlade, Lincoln and Marathon counties, which was organized by the county boards of the three respective counties pursuant to secs. 51.42(3)(a) and 51.437(4), (7)(b), Stats., to carry out sec. 51.42, Stats., responsibilities for Langlade, Lincoln and Marathon counties, and sec. 51.437, Stats., responsibilities for Langlade and Marathon counties, can retain private legal counsel to advise and act for the Human Services Board in administrative hearings and court proceedings.
 It is my opinion that it does not have such authority. These legal duties are the responsibilities of the district attorneys or corporation counsel of the respective counties. It is my opinion, however, that the counties could jointly employ a county corporation counsel or assistant county corporation counsel to furnish certain legal service to the Human Services Board. See secs. 59.025(3), 59.07(44), 66.30, Stats. and 60 Op. Att'y Gen. 313, 314 (1971). The combined board does have authority to purchase limited legal services for certain clients pursuant to secs. 46.03(17), 46.036
and 55.04(1)(a)8., Stats. However, in furnishing legal services to clients, a private attorney would be without authority to appear in *Page 9 
court as an attorney for the board. Further, there must be no interference with the powers of the district attorney of each county with respect to prosecution of criminal actions in the courts of such county and no interference with the duties of each respective district attorney or county corporation counsel with respect to the prosecution and defense of civil actions in which either the state or respective county is interested.
 In 63 Op. Att'y Gen. 468 (1974), it was stated that a sec. 51.42 board probably did not have authority to contract with private legal counsel to furnish legal services to the board. I am of the opinion that certain sections of the statutes, not referred to in that opinion, appear to support limited contracts for the purchase of legal services for clients.
The opinion concluded:
 I suggest that you, members of the Human Services Board and members of the respective county boards of supervisors review the resolutions, ordinances and contractual agreements involved.
You have not furnished me with copies of the multi-county plan and contractual agreement approved by the respective county boards and Secretary of the Department of Health and Social Services pursuant to section 51.42(3)(b) and (c). Certain of the advice given herein may be subject to modification depending upon specific duties contracted for in such documents.
You state that the Human Services Board of Langlade, Lincoln and Marathon counties continues to retain outside counsel independent of supervision by the district attorneys or corporation counsel of the counties involved. Subsequent to the issuance of OAG 38-82, section 1106 of 1983 Wisconsin Act 27
amended section 51.42(5)(h)7. to provide that a 51.42 Board had the power to:
 Enter into contracts to render services to or secure services from other agencies or resources including out-of-state agencies or resources. Notwithstanding ss. 59.07 (44), 59.456 and 59.47, a multicounty board organized under sub. (3) (a) or s. 51.437 (7) (b) may contract for professional legal services that are necessary to carry out the duties of the board if the corporation counsel of each county of the multicounty board has notified the board that he or she is unable to provide such services in a timely manner . . . . *Page 10 
 Similar amendatory language was made in section 51.437(9)(c).
You inquire:
 1. To what extent does the referenced statutory change modify your opinion contained in OAG 38-82 regarding multicounty 51.437 or 51.42 Boards' abilities to hire independent outside counsel not supervised by a district attorney or corporation counsel?
In my opinion the change in the statute grants a multicounty board power to contract for professional legal services with private counsel on an independent contractor basis if sufficient funds are available only "if the corporation counsel of each
county [or district attorney of each county not having a corporation counsel] of the multicounty board has notified the board that he or she is unable to provide such services in a timely manner." The amendment evidently was passed in recognition of the opinion referred to and of the restrictive interpretation of then applicable statutes contained therein. The Legislature could have granted broader power to the board to retain private counsel, but chose to place a strict rein upon its use. The statute mentions only corporation counsel without reference to district attorneys even though powers under section 59.47 are cited. Historically, corporation counsels' functions were carved out of the district attorneys' responsibilities, first in Milwaukee and later in other counties. It is reasonable to assume that the Legislature intended that corporation counsel type functions in those counties having only a district attorney should be considered when determining whether private legal counsel could be retained. I conclude that the Legislature intended that the legal officer in each county performing civil legal services have opportunity to provide the legal services required by the board. I therefore construe the section as requiring notification of declination from the corporation counsel of each county having such officer and from the district attorney of each other county. Your subquestions and my responses follow:
 a) If the new statute allows for such hiring, in what manner should a corporation counsel "notif[y] the board that he or she is unable to provide such services in a timely manner?" *Page 11 
No notification is called for unless the board requests the respective corporation counsel or district attorney to provide specific legal services. Notification of inability to provide "such services" could be made by letter to the board citing reasons. Any declination should be fully considered in light of the needs of the board, the staff of the corporation counsel or district attorney, and budget and time limitations.
 b) If several member counties of such a service providing board rely on a district attorney because no corporation counsel is employed by those counties, is it presumed said district attorneys must so notify that board as well?
For reasons set forth above, the answer is yes. The multicounty plan and contractual agreement approved by the respective county boards and Secretary of the Department of Health and Social Services under section 51.42(3)(b) and (c) should be reviewed to determine which officers have initial responsibility to furnish legal services to the board.
 c) If a county employs both a corporation counsel and a district attorney and the duties for a 51.42 or 51.437 legal services have not been assigned by the County Board to the Corporation Counsel, should the District Attorney or Corporation Counsel or both provide such notification?
In my opinion each officer should notify the board of his or her inability to timely furnish the legal services requested. The letter of notification should in such case note that the county board resolution or ordinance establishing the office of corporation counsel does not authorize the corporation counsel to perform such services. It is conceivable that a multicounty contract could provide that a district attorney of a county not having a corporation counsel furnish legal advice and representation to the multicounty board.
 d) If either counsel is unable or unwilling to so "notify the board," is the multi-county 51.42
or 51.437 Board without power to retain outside counsel?
If any county corporation counsel or district attorney of a county not having a corporation counsel declines to notify the51.42-51.437 *Page 12 
Board, such board is without power to retain private counsel to represent it in matters before courts or administrative agencies or to render legal advice to the board or its officers.
Your second question relates to language contained in OAG 31-83 which is captioned:
 Although a county board in a county with a population of under 500,000 has no permanent or continuing authority to retain special counsel, it may obtain special counsel with the approval of the circuit court under section 59.44 on a case-by-case basis in those situations where the district attorney or corporation counsel is unable to continue to perform his or her duties without potentially violating the rules of professional conduct established by the Wisconsin Supreme Court. Unless otherwise provided by statute, in those situations where legal services are required in civil matters and the provisions of section 59.44 cannot be utilized, the district attorney or corporation counsel has the exclusive authority to perform or supervise the provision of those services.
At page four of the typewritten opinion it is stated:
 A labor negotiator need not necessarily be an attorney. As long as no legal services within the meaning of section 59.47(1) and (3) are performed, the employment of such a person falls within the general authority of the board to manage its business and concerns under section 59.07(5). There is no special statute authorizing a county board to retain independent counsel to engage in labor litigation. Unless a conflict of interest situation has arisen, counsel who performs labor litigation must therefore be an assistant district attorney or an assistant corporation counsel, or be supervised by the district attorney or corporation counsel under section 59.44
(3).
You inquire:
 2. Regarding OAG 31-83, page 4, how is "labor litigation" defined? That is, at what point is a labor negotiator or advisor hired under general 59.07(5) powers practicing law? If such a person is an attorney, though he or she need not be as noted by your opinion, and negotiation strategies are used or recommended with an awareness of the law, is there some point short of the actual filing of a lawsuit where independent *Page 13 
counsel may not be retained without offending your opinion on the provision or supervision of legal services being "vested exclusively in the District Attorney or Corporation Counsel?"
I construe "labor litigation" as used in that opinion and "civil litigation" as used in section 59.44(3) as being applicable only to civil proceedings, including judicial reviews, in a court of law to the exclusion of grievance proceedings, arbitration before an arbitrator or proceedings before an administrative agency. See Bablitch Bablitch v. Lincoln County,82 Wis.2d 574, 263 N.W.2d 218 (1978) and Bearns v. ILHRDepartment, 102 Wis.2d 70, 306 N.W.2d 22 (1981).
Section 59.07(5) grants the county board general power to "[r]epresent the county, have management of the business and concerns of the county in all cases where no other provision ismade [by statute] . . . ." That section does not empower a county board to employ staff attorneys (other than a corporation counsel or assistant district attorneys) to advise the board or represent the board or its agencies or to retain private counsel to perform those tasks, since other provisions of the statutes specifically provide the manner in which such professionals are to be chosen. Such special statutes for most purposes grant the district attorney and his or her assistants and county corporation counsel exclusive power to provide legal services and legal representation to the board and other county agencies. The opinion referred to was careful to point out that a person could be employed as labor negotiator only "as long as no legal services within the meaning section 59.47(1) [legal representation in court] and (3) [legal advice] are performed . . . ." In my opinion a person who is licensed as an attorney would be performing legal services if he or she represented the county or a multicounty 51.42/51.437 board in formal grievance proceedings, arbitration proceedings or proceedings before an administrative agency. See sec. 111.70, Stats. A county board or multicounty 51.42/51.437 board does not have power to hire a private attorney to perform such tasks or for the purpose of rendering legal advice in such areas except as may be provided by sections 51.42(5)(h)7., 51.437(9)(c), 59.44(3) or other special statute. I will not speculate as to whether certain advice given by a labor negotiator or labor advisor, who may be but who need not be licensed to practice law, constitutes the practice of law.
 Your third set of questions follows: *Page 14 
 3. If the County Board determines that certain legal services, such as labor counsel or 51.42/51.437
counsel, are most efficiently provided by a private attorney specialist on an ongoing day-to-day basis, may this be done?
 a) If this is done, may such counsel be hired as an assistant district attorney or assistant corporation counsel?
 b) If this is done, must a district attorney or corporation counsel directly supervise such legal services? If so, to what recommended extent?
 c) If such private counsel is unwilling to be supervised by a district attorney or a corporation counsel, would such unwillingness to be supervised change your opinion?
 d) If a multi-county 51.42/51.437 Board chooses to continue to retain independent counsel, what responsibilities do the respective county boards have in this regard?
The answer to your first question is no if you mean that a "private attorney specialist" would be retained as private counsel on an independent contract basis. See OAG 31-83 and discussion under question one. In view of this answer, subquestions (a), (b) and (c) need not be answered. However, it is noted that where attorneys are appointed under section59.44(3), they are appointed to "assist the district attorney" or corporation counsel and would be subject to supervision by such officer. Subquestion (d) is concerned with responsibilities county boards have with respect to a multicounty 51.42/51.437
board's retention of independent private counsel. AS stated under question one, such contracting is permissible only where the corporation counsel of each county has notified the board that he or she is unable to provide such services in a timely manner. The county boards of the various counties can influence such policy by limiting funds or providing funds in the budget approved for such board, in approval of the plan and in formulating the multicounty contract pursuant to section 51.42(3)(b) and (c). County boards can also influence the decision of a 51.42/51.437
board with respect to any desire to contract for private counsel by providing adequate competent staff in the offices of corporation counsel and district *Page 15 
attorney including county employment of an adequate number of assistants.
A multicounty 51.42/51.437 board should seek and rely on advice of the district attorney (district attorneys), corporation counsel (corporation counsels) of the county or counties involved. There may be provisions in the multicounty plan or contract approved under section 51.42(3)(b) and (c) which establish lines of primary responsibility or first reference with respect to rendering legal services to the 51.42/51.437 board. Public officers are accorded a degree of protection when they seek and rely on advice of an attorney who has a duty to render legal advice to them. See State v. Davis, 63 Wis.2d 75,216 N.W.2d 31 (1974), which also held that the statutory limitation of section 59.07(44) to civil matters was not intended to preclude a corporation counsel from apprising his county board and its members of the consequences, both civil and criminal, which result from specific actions of the board, as well as the legal implications of its actions. A public officer such as a member of the multicounty 51.42/51.437 board risks personal liability and may be in violation of a criminal statute such as section 946.12(2) if he or she "does an act which he knows is in excess of his lawful authority or which he knows he is forbidden by law to do in his official capacity." In Pugnier v. Ramharter,275 Wis. 70, 81 N.W.2d 38 (1957), a taxpayer successfully prosecuted a suit against members of a town board to recover back into the public treasury funds which the town board had contributed to charitable agencies. The court held that such payments were illegal as being beyond the power of the town or town board to make.
In submitting future requests, please conform to the requirements to be observed by district attorneys and county corporation counsels set forth in 62 Op. Att'y Gen. Preface (1973). We have not had the benefit of your preliminary research or opinion with respect to your numerous questions.
BCL: RJV *Page 16