DARWIN L. ZWIEG, District Attorney Clark County
You request my opinion on two questions:
 1. Are the offices of president of a common school district board and chairperson of a town board in a town located within such school district compatible so as to permit one person to hold both offices at the same time?
 2. Are the offices of member of a common school district board and town clerk of a town located within such school district compatible so as to permit one person to hold both offices at the same time?
The answer is that there is probable compatibility between the two offices referred to in each question. A person serving in both capacities might, at some time, be faced with a conflict of interest with respect to specific issues. In some instances conflict can be averted by abstention from participation in discussions, negotiation or voting. Where a public contract is involved in which the officer has a private pecuniary interest, abstention from voting might not avoid violation of section 946.13
(1)(a), Stats. See 60 Op. Att'y Gen. 367 (1971) and State v.Davis, 63 Wis.2d 75, 216 N.W.2d 31 (1974).
We are dealing with separate governmental units which have separate statutory powers. Common school districts are subject to chapters 118 and 120. A school district board has powers which include those set forth in sections 120.12 and 120.13, and the district president has powers set forth in section 120.15. 1983 Wisconsin Act 532 became effective January 1, 1985, and revised town law. Powers and duties of a town chairperson are set forth in new section 60.24 and powers and duties of a town clerk are set forth in new section 60.33.
I am not aware of any statute which makes the offices of town chairperson and president of a common school district board, or the offices of town clerk and member of a common school district board. incompatible. Wisconsin Constitution article XIV, section13 does continue the common law and provides: "Such parts of the common law as are now in force in the territory of Wisconsin, not inconsistent with this constitution, shall be and continue part of the law of this state until altered or suspended by the legislature." *Page 52 
Common law incompatibility of offices or of an office and a position is discussed in 63A Am. Jur. 2d Public Officers andEmployees § 78 (1984)
 Incompatibility is to be found in the character of the offices and their relation to each other, in the subordination of the one to the other, and in the nature of the duties and functions which attach to them. They are generally considered incompatible where such duties and functions are inherently inconsistent and repugnant, so that because of the contrariety and antagonism which would result from the attempt of one person to discharge faithfully, impartially, and efficiently the duties of both offices, considerations of public policy render it improper for an incumbent to retain both. Two offices or positions are incompatible if there are many potential conflicts of interest between the two, such as salary negotiations, supervision and control of duties, and obligations to the public to exercise independent judgment. If the duties of the two offices are such that when placed in one person they might disserve the public interests, or if the respective offices might or will conflict even on rare occasions, it is sufficient to declare them legally incompatible. Incompatibility has been said to exist when there is a built-in right of the holder of one position to interfere with that of the other, as when the one is subordinate to, or subject to audit or review by, the second; obviously, in such circumstances, where both posts are held by the same person, the design that one act as a check on the other would be frustrated. Incompatibility exists only when the two offices or positions are held by one individual, and it does not exist where the two offices or positions are held by two separate individuals, even though such individuals are husband and wife.
 An incompatability exists whenever the statutory functions and duties of the offices conflict or require the officer to choose one obligation over another.
At 63A Am. Jur. 2d Public Officers and Employees § 79 (1984) the distinction between incompatibility and conflict of interest is discussed:
 Incompatibility of office or a position is not the same as a conflict of interest. Incompatibility of office or position involves a conflict of duties between two offices or positions. While this *Page 53 
conflict of duties is also a conflict of interest, a conflict of interest can exist when only one office or position is involved, the conflict being between that office or position and a nongovernmental interest. Incompatibility of office or position requires the involvement of two governmental offices or positions. Moreover, incompatibility of office or position may be sufficient for a vacation of an office when conflict of interest is not.
Certain of the common law aspects of conflict of interest are set forth in 63A Am. Jur. 2d Public Officers and Employees § 322 (1984):
 At common law, it was held that a conflict of interest existed if an administrative official voted on the matter in which he had a personal direct and pecuniary interest. This rule especially applied in cases where public officials could gain personally from their inside information.
 A person's status as a public officer forbids him from placing himself in a position where his private interest conflicts with his public duty. His good faith is of no moment because it is the policy of the law to keep him so far from temptation as to insure the exercise of unselfish public interest. This policy is not limited to a single category of public officer but applies to all public officials. Anything which tends to weaken public confidence and to undermine the sense of security for individual rights is against public policy. The state has a substantial compelling interest in restricting unethical practices of its employees and public officials not only for the internal integrity of the administration of government, but also for the purpose of maintaining public confidence in state and local government.
 Any interest which a public officer acquires which is adverse to those of the public, without a full disclosure, is a betrayal of his trust and a breach of confidence However, it has been stated that the law does not forbid the holding of an office and exercising powers thereunder because of a possibility of a future conflict of interest.
Wisconsin applies the common law rules of incompatibility as between public offices and a public office and a public position. Acceptance of an incompatible office or position vacates the first office. Where potential conflicts are substantial, the possibility that the person might be permitted to abstain from voting in areas of *Page 54 
conflict would not avert a holding of incompatibility. Otradovecv. City of Green Bay, 118 Wis.2d 393, 397, 347 N.W.2d 614
(1984).
 Neither the school district board nor the town board is subordinate to the other in terms of supervision, control, establishment of compensation, appointment or discharge. A comparison of the duties of the offices of school district president and chairperson of town board and school district board member and town clerk fails to disclose areas of substantial potential conflict which would make such offices incompatible. In the event a conflict does arise, the individual should abstain from participation in discussions and from voting on such issue and might consider resigning from one of the offices. A much closer question would arise if the offices of school district treasurer and town treasurer or town board member or town treasurer and school board member were involved. Under section 60.34(5), as created by 1983 Wisconsin Act 532, the town treasurer has a duty to apportion and pay over tax moneys to the school district on written request of the district board. Further, section 74.03(5) requires the town treasurer to settle and pay over monies collected to the school district treasurer on or before March 15 or on or before the 15th of each month thereafter, and section 120.16(2) authorizes a school district treasurer to "[a]pply for, receive and sue for all money appropriated to or collected for the school district." However, with respect to the offices within your inquiry, the potential of conflict is not of sufficient nature as to require a holding on incompatibility. Where the Legislature has not specified that offices are incompatible, and where conflicts are not readily visible by comparison of duties, the question of whether one person should hold more than one office is best left to the electors.
BCL:RJV