KENNETH J. BUKOWSKI, Corporation Counsel Brown County
You have asked whether the offices of village president and commander in the Brown County sheriff's department are compatible.
You explain that the four commanders in the sheriff's department are in management positions working directly under the supervision of the sheriff. The commander is a deputized, non-bargaining unit, supervisory position in the department.
Currently, one of the commanders in the Brown County sheriff's department is president of a village that has contracted the department to provide law enforcement services for the village. The agreement requires the county to furnish full-time protection services to the village and requires the village to pay for the services at the same cost as the contract rates for the sheriff's department non-supervisory employes, to pay certain fringe benefits for the five deputies assigned to the village and to pay a support charge equal to forty percent of the contract costs.
The contract further provides that the assignment of officers to the village is within the discretion of the sheriff's department and shall be made on the same basis as assignments to other sections of the county. The contract, however, includes an exception that states that no officer shall be assigned to the village without the approval of the village. The approval cannot be withheld unreasonably or without just cause.
Your letter does not state whether the village president in his office of commander has any duties that affect the assignment of officers to the village or that directly affect the village in any other way.
Offices can be incompatible because a statute declares them to be so or they can be incompatible under the common law rule. I am not aware of any statute that declares the offices of village president *Page 157 
and supervisory deputy sheriff incompatible. The discussion of the common law of incompatibility set forth in 63 Am. Jur. 2dPublic Officers and Employees § 78 (1984) was quoted in 74 Op. Att'y Gen. 50, 52 (1985):
 Incompatibility is to be found in the character of the offices and their relation to each other, in the subordination of the one to the other, and in the nature of the duties and functions which attach to them. They are generally considered incompatible where such duties and functions are inherently inconsistent and repugnant, so that because of the contrariety and antagonism which would result from the attempt of one person to discharge faithfully, impartially, and efficiently the duties of both offices, considerations of public policy render it improper for an incumbent to retain both. Two offices or positions are incompatible if there are many potential conflicts of interest between the two, such as salary negotiations, supervision and control of duties, and obligations to the public to exercise independent judgment. If the duties of the two offices are such that when placed in one person they might disserve the public interests, or if the respective offices might or will conflict even on rare occasions, it is sufficient to declare them legally incompatible. Incompatibility has been said to exist when there is a built-in right of the holder of one position to interfere with that of the other, as when the one is subordinate to, or subject to audit or review by, the second; obviously, in such circumstances, where both posts are held by the same person, the design that one act as a check on the other would be frustrated. Incompatibility exists only when the two offices or positions are held by one individual, and it does not exist where the two offices or positions are held by two separate individuals, even though such individuals are husband and wife.
 An incompatability exists whenever the statutory functions and duties of the offices conflict or require the officer to choose one obligation over another.
Under these standards, the offices of supervisory deputy sheriff and village president are not incompatible. The offices are parts of separate governmental bodies and neither is subordinate to the other. The duties and functions of each office do not, by their nature, clash. Being roles in separate governmental bodies, the two offices would not normally face conflicts over salary negotiations, *Page 158 
supervision and control of duties or obligations to the public to exercise independent judgment.
The duties of the two offices are consistent to the extent that each is required to maintain peace and good order and see that the laws of its jurisdiction are obeyed. See secs. 59.24(1) and61.24, Stats.
The contract between the village and the county creates a possibility of conflict between the offices of sheriff's commander and village president, however. Pursuant to paragraph C-4 of the contract, the village can refuse to approve an officer assigned to the village. In his role as commander, the village president might assign an officer to the village who would not meet with the approval of other villagers. The president then might be faced with a conflict in his role as commander and his role as president representing the villagers.
Paragraph C-5 of the contract provides that the person designated as liaison between the village and the county for the provision of police services "shall be the person holding the position of Patrol Commander within the organizational structure of the Brown County Sheriff's Department and the Allouez Village Administrator or their respective designee." A conflict may arise if the village president is the patrol commander. In that event, he would be representing the county as commander and in his role as village president he could strongly influence the village administrator who may be subordinate to him.
If either of these situations create possible conflicts, the advice previously given by this office is applicable: "In the event a conflict does arise, the individual should abstain from participation in discussions and from voting on such issue and might consider resigning from one of the offices." 74 Op. Att'y Gen. at 54.
As in this case, where the Legislature has not specified that the offices are incompatible, and where conflicts are not readily visible by comparison of the normal duties of the offices, "the question of whether one person should hold more than one office is best left to the electors." 74 Op. Att'y Gen. at 54. In this case, that choice would be left with the voters of the village and the sheriff of Brown County.
DJH:SWK *Page 159