CHARLES H. PEHLIVANIAN, Acting Corporation Counsel, Racine County
You have requested my opinion whether a county board supervisor, who is employed as business manager of an engineering *Page 99 
and survey company, which in the past has done, and in the future expects to do considerable surveying and engineering work for the county, can legally serve on the highway committee, on the planning committee or on the county board when matters in which he or his employer have a pecuniary interest are considered by the board or the respective committee.
We are concerned with a possible conflict of interest problem as distinguished from a compatibility of offices problem.
In general, it can be said that all supervisors in our representative form of government have a potential conflict of interest problem.
I am not aware of any statute which would prohibit the supervisor above referred to from legally serving on the county board, or on either of the committees mentioned. It is good governmental practice, however, for the electorate or appointing authority, be it the board itself or board chairman, to select supervisors and committee members who have the least potential for conflict of interest.
Two statutes are primarily in point, sec. 946.12, dealing with misconduct in public office and especially subsec. (3) thereof, and sec.946.13, which prohibits or strictly limits private interest of public officers in public contracts.
The county has a definite interest, even though the onus and primary risk are on the officer. Violation of the statute can result in fine or imprisonment on the part of the officer. However, the county has an interest in seeing that the statute is not violated by any officer, since sec. 946.13 (3), Stats., provides:
"(3) A contract entered into in violation of this section is void and the state or the political subdivision in whose behalf the contract was made incurs no liability thereon."
Under sec. 946.13 (1) (a), Stats., it would be necessary to determine whether there was a contract involved, and whether or not the public officer, in his private capacity, negotiated or bid for or entered into a contract in which he had a private pecuniary interest, direct or indirect and whether *Page 100 
he was authorized or required by law to participate in the making of that contract. Under sec. 946.13 (1) (b), Stats., it would be necessary to establish that he participated in the making of the contract or that heperforms in regard to that contract some function requiring the exerciseof discretion on his part.
In Heffernen v. Green Bay (1954), 266 Wis. 534, 542, 64 N.W.2d 216, the court said:
"Such contract would have been void because of Rachals' indirect interest in it as proscribed by the statute. Under such circumstances it would have been immaterial that Rachals in his capacity as alderman did not vote upon the awarding of the contract."
This holding was based on then sec. 62.09 (7) (d), Stats., which was repealed by ch. 603, Laws of 1959, when the Criminal Code was revised. In 52 OAG 367, 370 (1963), it is stated that a public officer may avoid a violation by refraining to vote or participate in the negotiations. TheHeffernen case was not discussed in that opinion. It would appear that under sec. 946.13 (1) (b), Stats., it is a close question as to whether an officer can avoid a violation by abstaining. Abstention from voting would not avoid a violation under sec. 946.13 (1) (a), Stats., if the other elements could be proven. The exceptions included in sec. 946.13
(2), Stats., must always be considered. Note that the exception in sec.946.13, (5), Stats., runs only to sec. 946.13 (1) (b).
Your letter does not set forth specific contracts, amounts involved, degree of ownership or participation of the supervisor in the company concerned, or degree in which he might actually participate, bid or negotiate. While we are in part concerned with yearly aggregate of contracts, each contract situation must be studied before a determination could be made as to whether sec. 946.13, Stats., was violated.
One of the burdens of public office can be the foreclosure of participation in certain public contracts which might otherwise be available. On the one hand, the supervisor may avoid possible violation of sec. 946.13, Stats., by abstention from voting or other participation in making a contract in *Page 101 
which he is directly or indirectly interested. On the other hand, he may avoid making proposals in areas in which he is financially interested. And, lastly, the board or its committee may reasonably in certain cases choose to do business with individuals or firms which are known to be free from potential conflict.
RWW:RJV