EUGENE I. LEHRMANN, Director Board of Vocational, Technical and AdultEducation
You advise that where Federal funds are used in the construction of a building project of a vocational-technical district in the State of Wisconsin, approval for the use of such Federal funds must be given by the Wisconsin Board of Vocational, Technical and Adult Education on a project-by-project basis. You further indicate that a recent appointee to the Board heads a family corporation consisting of four stockholders, of which he is one, which bids on the plumbing, heating, ventilation and air-conditioning phases of such projects. Based on the foregoing, you inquire whether the involvement by the Wisconsin Board of Vocational, Technical and Adult Education in the approval of Federal funds to be used for district projects would make such board member legally ineligible to bid and perform on such projects through his family corporation.
A member of the Wisconsin Board of Vocational, Technical and Adult Education is obviously functioning as a State officer, when exercising his duties and responsibilities in that capacity. Section 946.13, Stats., which prohibits public officers and employes from having a private interest in certain public contracts, provides, in part, as follows:
"946.13 Private interest in public contract prohibited. (1) Any public officer or public employe who does any of the following may be fined not more than $500 or imprisoned not more than one year or both:
"(a) In his private capacity, negotiates or bids for or enters into a contract in which he has a private pecuniary interest, direct orindirect, if at the same time he is authorized or required by law to participate in his capacity as such officer *Page 312 
or employe in the making of that contract or to perform in regardto that contract some official function requiring the exercise of discretion on his part; or
"(b) In his capacity as such officer or employe, participates in the making of a contract in which he has a private pecuniary interest, director indirect, or performs in regard to that contract some function
requiring the exercise of discretion on his part.
"* * *
"(3) A contract entered into in violation of this section is void and the state or the political subdivision in whose behalf the contract was made incurs no liability thereon.
"* * *
"(5) Subsection (1) (b) shall not apply to a public officer or public employe by reason of his holding not more than 2 percent of the outstanding capital stock of a corporate body involved in such contract." (Emphasis added)
In addition, contracts aggregating up to $2,000 in any year are excepted from the provisions of the statute. See sec. 946.13 (2) (a), Stats. However, I assume the contracts to which you would be making reference would entail expenditures much exceeding this sum. I will also assume that the percent of outstanding capital stock owned by the subject Board member in the family corporation far exceeds the 2 percent limitation set forth in sec. 946.13 (5), Stats. Further, since the individual involved not only holds stock in the corporation but acts as its board chairman and general manager, it is difficult to anticipate any situation where he would not be actively involved in his private capacity in reference to any contract made by the family corporation.
In my opinion, under the foregoing circumstances, the involvement by the Wisconsin Board of Vocational, Technical and Adult Education in the approval of Federal funds for use on district projects would make the above-described Board member ineligible to bid and perform on such projects, through his family corporation or otherwise. The Board member obviously has a "private pecuniary interest, direct *Page 313 
or indirect" in any public contract his family corporation negotiates, bids for or enters into. At the same time, the approval by the Wisconsin Board of Vocational, Technical and Adult Education of the use of Federal funds on local district projects is clearly the performance of an "official function requiring the exercise of discretion" on the part of the Board which is "authorized or required by law." In addition, our past experience with other Federal grant programs suggests that the construction contracts for the subject projects may very well contain provisions required by the Federal Government which have the same effect as sec. 946.13, Stats.
Please note that by concluding as I have in response to the specific question you ask, I do not intend in any way to suggest, by inference, that the Board member to which you refer may not also be precluded from bidding and performing on local vocational-technical district projects even though no Federal funds are involved. I note, for instance, that ch. 38, Stats., grants significant power and authority to the Board over local vocational, technical and adult education schools and their educational programs, including control over all State aid given to such schools. See sec. 38.13, Stats.
RWW:JCM