BRUCE E. SCHROEDER, District Attorney Kenosha County
You state that the wife of a city police officer is contemplating running for election to the city council of the same city. You further indicate that compensation of police officers in the city is agreed upon by contract between the city acting through its council and the police officers' association through collective bargaining. Whereas police officers are appointed by the Chief of Police with approval of the Police and Fire Commission, compensation is fixed by the council. Sec. 62.13
(4), (7), Stats.
You are concerned with the provisions of sec. 946.13, Stats., as they relate to the following questions:
 1. May an alderman take any role in the negotiation and/or ratification of a contract with a group of municipal employes, which contract includes benefits in excess of $2,000 per year to the alderman's spouse?
 2. If the answer to question No. 1 is negative, may such alderman and her spouse continue to hold office if the alderman does not participate in any fashion
in the negotiation and/or ratification of any agreement between the city and the police officer's bargaining unit?
Section 946.13 (1) and (3), Stats., provides:
 "946.13 Private interest in public contract prohibited. (1) Any public officer or public employe who does any of the following may be fined not more than $500 or imprisoned not more than one year or both:
 "(a) In his private capacity, negotiates or bids for or enters into a contract in which he has a private pecuniary interest, direct or indirect, if at the same time he is authorized or required by law to participate in his capacity as such officer or employe in the making of that contract or to perform in regard to that contract some official function requiring the exercise of discretion on his part; or *Page 45 
 "(b) In his capacity as such officer or employe, participates in the making of a contract in which he has a private pecuniary interest, direct or indirect, or performs in regard to that contract some function requiring the exercise of discretion on his part.
"* * *
 "(3). A contract entered into in violation of this section is void and the state or the political subdivision in whose behalf the contract was made incurs no liability thereon."
Subsection (2) contains certain exceptions not material here. One of the exceptions applies to contracts which do not exceed $2,000, in the aggregate, a year. A police officer's contract would in nearly all cases exceed that amount.
I am of the opinion that the answer to your first question is "no." The answer to your second question is "yes" provided, in addition, that she does not in any way act for herself in a private capacity or as her husband's agent with respect to bidding for or entering into such contract.
We are concerned with a conflict of interest rather than a compatibility of offices question. I am of the opinion that the offices of alderman and city police officer are incompatible on the basis of common law rules. In the present instance, however, the offices would be held by different persons. There is no statute which prohibits the spouse of a city officer from serving in a separate official capacity for the city. Where spouses do serve in separate offices, special care must be exercised by both to avoid violation of sec. 946.13, Stats., which prohibits certain private interests in public contracts and makes contracts entered into in violation of the statute invalid.
I affirm the analysis of the statute made in 52 OAG 367, 371 (1963). The conclusion there reached is applicable here.
A violation of sec. 946.1 3 (1), Stats., would result if the council member participated in making the contract, either privately as her husband's agent or publicly as a member of the council, unless the situation is such that she receives no benefit, direct or indirect, from her husband's earnings. The council member would violate the statute also if she were to perform in regard to the contract, either *Page 46 
before or after its execution, some official function requiring the exercise of discretion on her part.
RWW:RJV