ROBERT G. MAWDSLEY, Corporation Counsel Waukesha County
You ask whether section 946.13(1), Stats., is violated if a law firm of which a county board supervisor is an associate member represents a corporation in making proposals and negotiating with the county board for purchase or lease of a county facility. The county supervisor will not be performing any legal work on the corporation's proposal to the county board, but will perform legal services on behalf of the corporation not related to the county. The corporation has retained the law firm on an hourly fee basis to represent it in its negotiations with the county.
I agree with your conclusion that, on the specific facts presented here, the supervisor can avoid the strictures of section 946.13(1) if she totally abstains, in both a private and public capacity, from participating in the contract negotiations.
Section 946.13(1)(a) prohibits a public officer or employe, in a private capacity, from negotiating, bidding for or entering into a contract in which the officer or employe has a private pecuniary interest, direct or indirect, if that officer or employe is authorized or required by law to participate in the making of that contract or exercises some official discretion involving that contract. Section 946.13(1)(b) prohibits a public officer or employe, in that capacity, from participating in the making of a contract in which the officer or employe has a private pecuniary interest, whether direct or indirect, or performing some function requiring official discretion. Subsection (a) is violated if the public officer or employe is even authorized to participate in an official capacity. Subsection (b), on the other hand, requires actual participation before there is a violation. 60 Op. Att'y Gen. 367, 370 (1971). Although it is a close question, and slightly different facts might lead to an opposite conclusion, I conclude that on the facts presented, there is no violation of section *Page 173 946.13(1)(a) if the county supervisor abstains from all participation in the contract.
Section 946.13(1)(a) has three elements: (1) a direct or indirect private pecuniary interest in a public contract; (2) negotiating, bidding or entering into the contract in a private capacity; and (3) being authorized or required to participate in the making of the contract or to perform some act with regard to the contract in an official capacity. There is no dispute that the county supervisor is authorized to participate in the making of the contract in her capacity as county supervisor. The other two elements are not so easily resolved.
It is agreed that the county supervisor has no direct, private pecuniary interest in the negotiations or the contract. The law firm which employs her, however, certainly has a direct interest in the negotiations and would have an interest in any contract resulting from those negotiations. It is equally obvious that the employe has a pecuniary interest in her employer's prosperity. Therefore, although the associate/supervisor's salary is not directly influenced by the contract, she would receive indirect benefit from the firm's successful negotiation of the contract and continued employment by the corporation. The law firm's overall prosperity, of which this client is part, has a direct effect on future salaries, benefits and even employment. It is clear that the indirect interest under section 946.13(1) is not restricted to an ownership interest. If it were, section946.13(7), which provides some exceptions to section 946.13(1) if the officer or employe is, inter alia, employed by a bank, would be unnecessary.
It may be true that at some point the indirect interest becomes so attenuated that it virtually disappears. For example, a county supervisor might be employed by a windshield manufacturer which sells its windshields to an automobile manufacturer, which wants to sell squad cars to the county. Both companies, and the employes of both companies, have an interest in selling as many cars and windshields as possible. The hypothetical supervisor's interest in one sale, however, is de minimus. In the present case the law firm's interest in the contract, and the associate's interest in the law firm, are not so attenuated. I must conclude that the associate has an indirect pecuniary interest in the negotiations. *Page 174 
The final question is whether the supervisor is negotiating, bidding for or entering into the contract in her private capacity. Clearly she is not doing so directly. It is equally clear, however, that the law forbids a public officer or employe from accomplishing through an agent that which the law prohibits her from doing directly. 52 Op. Att'y Gen. 367, 370 (1963). In the present case, the law firm which employs the county supervisor is acting as the agent for the corporation, not as agent for the employe/supervisor. There would be no violation of section 946.13(1)(a), therefore, unless we could conclude that the law firm is also acting as the agent of the supervisor or that because of their relationship they should be treated as one entity. An employe ordinarily acts as an agent of the employer; only in limited circumstances does the employer act as agent for the employe. This is not such a case; the law firm is representing the corporation's interests, not the employe's interests; the corporation, not the supervisor, can terminate the agency relationship.
Although an owner of an interest in a corporation or a partner in a law firm might have the kind of identity of interest with the corporation or law firm which would cause an objective observer to conclude that the business' actions are those of the owner or partner, I cannot find such an identity of interest on the present facts.
Although it is not at all dispositive, some statutes treat an organization with which a public official is associated as having an identity of interest with that public official for the purposes of conflicts of interest and bribery. E.g. secs. 19.44
and 19.45(2), Stats. Section 19.42(2), however, defines "associated" as including any organization in which an individual or a member of his or her immediate family is a director, officer or trustee, or owns or controls, directly or indirectly, and severally or in the aggregate, at least ten percent of the outstanding equity. The Legislature, at least in the ethics code, determined that an employer/employe relationship should be treated differently from an ownership interest.
The unique relationships among a client, law firm and an associate of that law firm might well raise concerns not present in other employment relationships. Because the statute is a criminal statute, however, it must be strictly construed. MenashaWooden Ware Co. v. Winter, 159 Wis. 437, 150 N.W. 526 (1915). The statute sets no higher, or lower standard for attorneys. The Legislature has statutorily determined that specific conduct by attorneys presents a conflict *Page 175 
of interest. For example, section 757.22 prohibits certain conduct by partners of district attorneys; section 757.23
prohibits court commissioners from acting in any manner in which the commissioner's law partner, employer, employe or clerk is interested or appears as a party. See also sec. 767.16, Stats. Similarly, section 196.675 prohibits district attorneys, assistant district attorneys, city attorneys, or assistant city attorneys or any person holding a judicial office from being retained or employed by a common carrier. Again, although it is not dispositive, the fact that the Legislature has spoken directly on attorney conflicts in these statutes, and not in section 946.13, leads to the conclusion that there should be no different legal standard under section 946.13 for attorneys perse.
I must emphasize that any analysis under section 946.13(1) depends on facts unique to each situation. If the facts in this case were slightly different, if for example the county supervisor were a partner in the law firm or were hired directly by the corporation, my answer might well be different. I must also emphasize that the conclusion reached in this opinion is based on the facts present at the time the opinion was requested. If the relationship between the firm and the client changes or the relationship between the firm and the employe changes, the statute might well be violated. Because of the unsettled nature of the relationships and negotiations, the supervisor and the county must be especially vigilant in guarding against actual violations of the statute. Both the supervisor and the county should also realize that the arrangements described, although not a violation of the criminal code, might well raise legitimate questions about the propriety of the arrangements.
On the facts presented, I conclude that if the supervisor abstains from acting on the contract in her official capacity, there is no violation of section 946.13(1)(b). If she and the law firm make absolutely certain that as an employe of that law firm she is not involved at all in negotiating, bidding or entering into the contract with the county, there is no violation of section 946.13(1)(a).
BCL:AL *Page 176