TIM DUKET, District Attorney Marinette County
You have asked whether a member of a school board violates section 946.13 (1), Stats., when the board employs the member's spouse. Section 946.13 (1) Provides:[1]
 Any public officer or public employe who does any of the following is guilty of a Class E felony:
 (a) In his private capacity, negotiates or bids for or enters into a contract in which he has a private pecuniary interest, direct or indirect, if at the same time he is authorized or required by law to participate in his capacity as such officer or employe in the making of that contract or to perform in regard to that contract some official function requiring the exercise of discretion on his part; or
 (b) In his capacity as such officer or employe, participates in the making of a contract in which he has a private pecuniary interest, direct or indirect, or performs in regard to that contract some function requiring the exercise of discretion on his part.
In past opinions my predecessors have concluded that members of a city council and a school board did not violate section 946.13
when the respective governmental bodies employed their spouses as a police officer and a teacher. See 63 Op. Att'y Gen. 44 (1974) and *Page 16 
52 Op. Att'y Gen. 367 (1963). Those opinions stated that the board member who received indirect or direct benefits from the spouse's contract could avoid violating section 946.13 (1) by not participating in making the contract, either privately as an agent for the employed spouse or publicly as a member of the governmental body. 63 Op. Att'y Gen. at 45-46 and 52 Op. Att'y Gen. at 371.
You ask whether the marital property law that went into effect on January 1, 1986, changes the conclusions reached in those opinions. I believe that the applicability of section 946.13 (1) is not affected by the marital property law.
The school board member can avoid violating paragraph (b) by not participating in his or her official capacity in the making of the contract and not performing in regard to the contract any function requiring the exercise of discretion on his or her part.See 75 Op. Att'y Gen. 172 (1986); 63 Op. Att'y Gen. at 45; 60 Op. Att'y Gen. 98, 100 (1971).
Paragraph (a) of 946.13 (1) has three elements:
 (1) a direct or indirect private pecuniary interest in a public contract; (2) negotiating, bidding or entering into the contract in a private capacity; and (3) being authorized or required to participate in the making of a contract or to perform some act with regard to the contract in an official capacity.
75 Op. Att'y Gen. at 173.
The third element is present when the school board hires the member's spouse as a teacher. The marital property law does not affect the fact that the school board member is authorized to participate in making the contract of employment with a teaching spouse. Therefore, to avoid violation of paragraph (a), the board member must avoid one of the other two elements.
Even before the marital property law, my predecessors concluded that the first element was present when the governing body employed a spouse of one of its members. A prior opinion dealing with the school board recognized that the board member benefited from at least an indirect pecuniary interest when the spouse was employed as a teacher. 52 Op. Att'y Gen. at 369. It was pointed out that even though the earnings of the teaching wife were her separate property, the school board member husband received at least indirect financial benefit from his wife's separate income because his *Page 17 
obligation to support her was made easier by her earnings and consequent contribution to the household expenses, and by her payments for her own expenses that would otherwise have to have been paid by the husband. 52 Op. Att'y Gen. at 369.
Under the marital property law, the board member spouse has a direct, rather than an indirect, pecuniary interest in the teaching contract because each spouse has an undivided fifty percent interest in marital property, which includes income. See
sec. 766.31, Stats. Therefore, both before and after the marital property law, the first element of paragraph (a) is satisfied where the board member's spouse is employed as a teacher by that board.
The answer, then, to whether the board member violates paragraph (a) when his or her spouse is hired as a teacher turns on the second element, which is whether the board member in his or her private capacity "negotiates or bids for or enters into" the contract. Even if the board member does not personally participate in negotiating, bidding for or entering into the contract, there might be a violation of the law if the teaching spouse acts as an agent for the member spouse in the contractual process. The marriage alone, however, does not create an agency relationship between husband and wife. See Restatement (Second) of Agency § 22 (b) (1958) and 41 C.J.S. Husband and Wife
§ 512a. and b. (1944). I do not believe that that statement is altered by the marital property law. The fact that either spouse now has the right to manage and control some of the marital property does not create an agency relationship between husband and wife for all activities. See sec. 766.51, Stats. For example, even though section 766.51 authorizes the teaching spouse to manage and control some marital property, it does not authorize the teaching spouse to bind the board member spouse to performance of the contract. Thus, when the teaching spouse enters the contract to teach, he or she does so only for himself or herself; the teaching spouse does not act for the board member spouse. As evidence of that, the board member spouse has no obligation under the contract to teach. It can be seen, then, that in negotiating, bidding for or entering a contract to teach, the teaching spouse does not act as an agent for the board member spouse. As a result, even though the board member spouse may enjoy a direct pecuniary interest in the contract, as long as he or she does not personally negotiate, bid on or enter into the contract. he or she avoids violating *Page 18 
section 946.13 (1) because the teaching spouse is not acting as his or her agent in the contractual process.
It may appear to be a very narrow reading of the statute to state that the board member spouse enjoys a direct pecuniary interest in the contract but is not represented by an agent spouse in the contracting process. However, because section946.13 (1) is a penal statute, it must be strictly construed. SeeMenasha Wooden Ware Co. v. Winter, 159 Wis. 437, 453,150 N.W. 526 (1915); and 75 Op. Att'y Gen. 172 (1986). Under the strict construction, it cannot be said that the teaching spouse is an agent for the board member spouse when the teaching spouse negotiates, bids on and enters into a contract for the personal services of the teaching spouse.
Therefore, it is my opinion that the marital property law has not changed the applicability of section 946.13 (1) in regard to school boards employing spouses of board members. As before the marital property law, the board member does not violate section946.13 (1) as long as he or she in a private capacity does not participate in the negotiating, bidding on or entering into the spouse's contract and also as long as he or she in the public capacity does not participate in the making of the contract and does not exercise discretion in the performance of the contract.
Even though I have concluded that the marital property law has not changed the applicability of section 946.13 (1) and that members of governmental bodies can avoid violating that statute when their spouses are employed by the bodies, officials must remember that my conclusions concern only the applicability and scope of section 946.13 (1), a felony statute. Conduct of public officials and employes is also affected by other statutes and local laws and rules that may impose more stringent standards than those found in section 946.13 (1). For example, pursuant to section 19.59, a county, city, village or town might adopt a code of ethics that would prohibit one spouse from being employed by a governmental body and the other spouse serving on the body at the same time. I mention these other possible laws and rules only to caution officials that they might be affected by conflict of interest requirements other than those in section 946.13 (1).
DJH:SWK
[1] Subsection (1) does not apply where the contract in which the board member is interested does not involve receipts and disbursements by the board of more than $5,000 in any year. For purposes of this opinion, I assume that the spouse employed by the board is paid a salary high enough that subsection (1) applies to the board member. *Page 19