KEITH ZEHMS, Corporation Counsel Eau Claire County
You have asked whether a county board supervisor can sell real estate to the county without violating section 946.13 (1), Stats.
The relevant parts of section 946.13 provide:
 Private interest in public contract prohibited. (1) Any public officer or public employe who does any of the following is guilty of a Class E felony:
 (a) In his private capacity, negotiates or bids for or enters into a contract in which he has a private pecuniary interest, direct or indirect, if at the same time he is authorized or required by law to participate in his capacity as such officer or employe in the making of that contract or to perform in regard to that contract some official function requiring the exercise of discretion on his part; or
 (b) In his capacity as such officer or employe, participates in the making of a contract in which he has a private pecuniary interest, direct or indirect, or performs in regard to that contract some function requiring the exercise of discretion on his part.
(2) Subsection (1) does not apply to the following:
 (a) Contracts in which any single public officer or employe is privately interested which do not involve receipts and disbursements by the state or its political subdivision aggregating more than $5,000 in any year.
. . . .
 (3) A contract entered into in violation of this section is void and the state or the political subdivision in whose behalf the contract was made incurs no liability thereon.
(4) In this section "contract" includes a conveyance. *Page 91 
The facts have been reported as follows: The property in question is 240 acres within the county forest boundary in the Town of Lincoln, Eau Claire County. The county board supervisor is one of three owners of the property, each of whom is an equal partner in the ownership. The three partners offered the land to the county in January 1986 for $49,000. After making an on-site inspection, the parks and forests director recommended purchase to the committee on parks and forests. Subsequent to a Department of Natural Resources land agent appraising the land at $72,000, the partnership offered the land to the county for $33,000, which was fifty-four percent less than the appraised value.
The committee on parks and forests recommended purchase of the land and introduced a resolution to that effect to the county board per section 16.30.020 of the County Code, which provides in part:
 It is the intent of the board to acquire lands within, or bordering, the county forest boundaries, as they become available and upon a determination by the committee that county ownership of the land is beneficial to the residents of Eau Claire County and of the state.
Sufficient funds exist in the county forest land purchases account to make the recommended purchase. Under section 4.04.080 of the County Code, the county board must approve the land purchase. The county supervisor involved does not serve on the parks and forests committee or on the committee on administration to which the resolution was referred. The supervisor has abstained from any discussion or vote on the county board floor concerning the land purchase. The partnership withdrew its offer to sell the land to the county prior to the county board taking action, and the board placed the resolution on file.
The first question is: where the county board as a whole makes the decision whether to purchase land, can a county board supervisor sell real estate to the county and recover more than $5,000 without violating section 946.13 (1)?
In my opinion, the answer is no. The supervisor cannot avoid violating section 946.13 (1)(a) when he sells the property to the county while he is a supervisor. *Page 92 
The comments in the Judiciary Committee Report on the Criminal Code (submitted 1953), page 179, explain the purpose of section946.13 (1):
 The object of this statute is to prevent a public officer or employe from having private pecuniary interests which may influence him to exercise discretionary powers in his official capacity in a manner inconsistent with the interests of the public. It is derived from that rule of agency which prohibits an agent from serving two masters with opposing interests in the same transaction and the common-law rule which prohibits public officers from simultaneously holding incompatible offices.
 The officer or employe may be guilty under this section even though he does not actively participate on both sides of the transaction. However, he must actively participate on one side or the other. He is guilty under subsection (1)(a) if he acts in a private capacity and under subsection (1)(b) if he acts in his official capacity.
Because section 946.13 (1)(b) requires the supervisor to participate in his official capacity, he can avoid violating that subsection by not taking part in discussions or votes by the county board on the land purchase. In prior opinions, my predecessors and I have concluded that violation of section946.13 (1)(b) can be avoided by an official not participating in the transaction in his or her official capacity. See 76 Op. Att'y Gen. 15 (1987); 75 Op. Att'y Gen. 172 (1986), and 63 Op. Att'y Gen. 43 (1974).
Section 946.13 (1)(a), however, because it is concerned with the official's actions in his private capacity, cannot be avoided simply by not participating in the official capacity. Section946.13 (1)(a) has three elements: "(1) a direct or indirect private pecuniary interest in a public contract; (2) negotiating, bidding or entering into the contract in a private capacity; and (3) being authorized or required to participate in the making of the contract or to perform some act with regard to the contract in an official capacity." 75 OAG at 173.
In this case, because the county board as a whole decides whether to purchase the land, there can be no dispute that the supervisor selling the land is authorized to participate in his capacity as supervisor in making the purchase.
The other two elements would also be satisfied because the supervisor has a direct private pecuniary interest in the sale of the *Page 93 
land; and, to complete the sale, he would enter into the contract, if not also negotiate the contract. Therefore, because all three elements of section 946.13 (1)(a) would be satisfied, the supervisor would have violated the statute.
Because section 946.13 (1)(a) requires only that the supervisor have the authority to act in his official capacity and does not require that he actually do something in that capacity, he cannot avoid violation of the subsection by refraining from acting. In 60 Op. Att'y Gen. 98, 100 (1971), it was pointed out that "[a]bstention from voting would not avoid a violation under section 946.13 (1)(a), Stats., if the other elements could be proven."
In this case, because all the other elements of section 946.13
(1)(a) would be present, the supervisor could not avoid violating the statute simply by refraining from voting or otherwise participating in his official capacity in the purchase of the property.
The second question is whether the supervisor could avoid liability by completely divesting himself of the land in question.
If the supervisor sells his interest to someone else before the county purchases the land, he would not be liable for any negotiating or bidding that occurs or any contracts that are entered into after he divests himself of the property. He would not be violating section 946.13 (1)(a) because he would no longer have a pecuniary interest, either direct or indirect, in the county's contract and he would no longer be negotiating or bidding or entering into the contract with the county. Because he no longer had a private pecuniary interest in the property or the contract, he would not be violating section 946.13 (1)(b) when he participated in his official capacity in the county's purchase. The sale of his interest to a third party could not, however, relieve the supervisor from any liability that he may have incurred when he, or someone on his behalf, negotiated or bid on the contract while he owned the property.
The supervisor's resignation from the county board would have the same effect as the sale of his interest to a third party. He would not be liable for any negotiating, bidding or contracts entered into after the resignation; but he would still be liable for any negotiating or bidding done by him or on his behalf while he was a supervisor.
In your final question, you ask whether the $5,000 exception under section 946.13 (2)(a) applies to the total amount of the land *Page 94 
purchase or to the share each of the three equal partners would receive.
In my opinion, the $5,000 exception applies to the value of the total contract, not to the share each individual partner receives.
The exception states that section 946.13 (1) does not apply to contracts which do not involve receipts and disbursements by the state or its political subdivision aggregating more than $5,000 in any year. The statute thus applies to the value of the contract, not the amount received by the public officer or employe. A contract or series of contracts is therefore subject to section 946.13 (1) as long as it exceeds $5,000 in the year regardless of the amount the involved public officer or employe receives.
DJH:SWK *Page 95