GARY J. SCHUSTER, District Attorney Door County
You have asked for my opinion whether section 946.13(1), Stats., is violated under the following situations.
In the first case, a county board supervisor owns a small business that is sufficiently large that he is not on the premises at all times. Throughout the year, various county departments purchase from the store items that are budgeted for but which do not require bids. County policy does not require prior committee approval before the purchases, which are not immediately paid for. For payment, vouchers are submitted to the finance committee and then to the entire county board for review and approval. The owner of the store sits on the finance committee and votes on the approval of the vouchers. Almost inevitably, the vouchers for all purchases, including those from other stores as well as the supervisor's, are approved unanimously. During the year, the aggregate of county purchases from the supervisor's store exceeds $5,000.
In the second case, another supervisor owns a printshop from which various county departments purchase stationery, books, directories, etc., for a total amount of less than $5,000 a year. In addition, however, the county board negotiates and enters into a contract with this supervisor for the printing of the county's business stationery and directories. The amount of this contract is barely under $5,000. The total of the contract and the purchases exceeds $5,000. The supervisor does not absent himself from meetings or voting on approval of vouchers.
The relevant parts of section 946.13 provide:
 Private interest in public contract prohibited. (1) Any public officer or public employe who does any of the following is guilty of a Class E felony:
 (a) In his private capacity, negotiates or bids for or enters into a contract in which he has a private pecuniary interest, direct or *Page 179 
indirect, if at the same time he is authorized or required by law to participate in his capacity as such officer or employe in the making of that contract or to perform in regard to that contract some official function requiring the exercise of discretion on his part; or
 (b) In his capacity as such officer or employe, participates in the making of a contract in which he has a private pecuniary interest, direct or indirect, or performs in regard to that contract some function requiring the exercise of discretion on his part.
(2) Subsection (1) does not apply to the following:
 (a) Contracts in which any single public officer or employe is privately interested which do not involve receipts and disbursements by the state or its political subdivision aggregating more than $5,000 in any year.
In my opinion, both supervisors are in violation of subsections (a) and (b) of section 946.13(1).
The supervisors are violating subsection (b) because in their official capacity they are performing in regard to contracts in which they have a pecuniary interest, a function requiring the exercise of their discretion when they vote on the vouchers that approved the payment to their respective businesses. Voting to approve the vouchers is a function performed in regard to the contract. See 24 Op. Att'y Gen. 422, 423 (1935), in which it was stated that an officer in his official capacity acts upon a contract when he, among other things, is under legal obligation to "pay the bill for the services or goods or to approve the purchase price and order warrants to be drawn in payment thereof."
The supervisors can avoid violation of subsection (b) by abstaining from voting on the vouchers related to their respective businesses. Because actual participation in one's official capacity is required to violate section 946.13(1)(b), my predecessors and I have concluded that violation of subsection (b) can be avoided by not participating in the making of the contract or in the performance of a function requiring the exercise of the official's discretion. See 76 Op. Att'y Gen. 92 (1987); 76 Op. Att'y Gen. 15 (1987); 75 Op. Att'y Gen. 172 (1986); and 63 Op. Att'y Gen. 43 (1974).
The only way for the supervisors to do business with the county and avoid violating subsection (a), however, is to make sure that *Page 180 
their sales to the county do not exceed a total of $5,000 in a year. The three elements required for violation of subsection (a) are:
 (1) a direct or indirect private pecuniary interest in a public contract; (2) negotiating, bidding or entering into the contract in a private capacity; and (3) being authorized or required to participate in the making of the contract or to perform some act with regard to the contract in an official capacity.
75 Op. Att'y Gen. at 173.
All three elements are satisfied in the situations you presented. The supervisors certainly have a pecuniary interest in the county's purchase of products from their respective businesses. The supervisors participated in their private capacities in the county's purchases because the county made the purchases from the supervisors' businesses. It would be immaterial if the business employe directly involved in the sale was someone other than the owner-supervisor. 4 Op. Att'y Gen. 205 (1915). When the sale was made, the supervisor participated through the actions of his or her agent. 75 Op. Att'y Gen. at 173. The third element would have been satisfied even if the supervisors had abstained from voting on the vouchers since the third element does not require actual participation in one's official capacity. This element is satisfied as long as the supervisor has the authority to act in regard to the contract in his or her official capacity. Because the supervisor has the authority to approve the vouchers for payment to his or her business, the third element is satisfied.
The dollar limit imposed by section 946.13(2) must always be kept in mind, however. Even if the supervisor participates in both his or her private and official capacities, there is no violation of the statute unless the receipts or disbursements by the county in regard to the individual supervisor exceed $5,000 for the year. Therefore the supervisors can continue to do business with the county as long as that $5,000 limit is not exceeded.
The conclusions reached in this opinion might be viewed by some as placing both the supervisors and the county at a disadvantage by limiting the possible parties with which each can do business. My conclusions, however, are consistent with earlier opinions, which advised that officials could not exceed the applicable dollar limit in doing business with their respective jurisdictions. See 34 Op. Att'y Gen. 430 (1945); 25 Op. Att'y Gen. 357 (1936); 25 Op. *Page 181 
Att'y Gen. 308 (1936); 24 Op. Att'y Gen. 312 (1935); 22 Op. Att'y Gen. 262 (1933); 21 Op. Att'y Gen. 537 (1932); 18 Op. Att'y Gen. 329 (1929); and 4 Op. Att'y Gen. 205 (1915). The Legislature has tried to reduce the disadvantage by raising the dollar limit over the years to the current $5,000 figure.
DJH:SWK *Page 182