CARROLL D. BESADNY, Secretary Department of Natural Resources
HOWARD C. RICHARDS, Secretary Department of Agriculture, Tradeand Consumer Protection
You have asked for an opinion concerning the application of section 946.13, Stats., which prohibits a private interest in a public contract, to various grant programs administered by your agencies through county land conservation committees (committees). Land conservation committees are created by county boards under section 92.06. Section 92.07(3) gives them the authority to distribute and allocate federal, state and county funds made available for cost-sharing programs or other incentive programs for improvements and practices relating to soil and water conservation on private or public lands. The members of the committee are appointed by the county board for two year terms. Sec. 92.06(1)(c), Stats.
The relevant parts of section 946.13 provide:
 Private interest in public contract prohibited. (1) Any public officer or public employe who does any of the following is guilty of a Class E felony:
 (a) In his private capacity, negotiates or bids for or enters into a contract in which he has a private pecuniary interest, direct or indirect, if at the same time he is authorized or required by law to participate in his capacity as such officer or employe in the making of that contract or to perform in regard to that contract some official function requiring the exercise of discretion on his part; or
 (b) In his capacity as such officer or employe, participates in the making of a contract in which he has a private pecuniary interest, direct or indirect, or performs in regard to that contract some function requiring the exercise of discretion on his part. *Page 185 
Public employes and officers can avoid violations of subsection (b) by abstaining from voting on contracts related to their private business because actual participation in one's official capacity is required to violate section 946.13(1)(b). 76 Op. Att'y Gen. 92 (1987); 76 Op. Att'y Gen. 15 (1987); 75 Op. Att'y Gen. 172 (1986); and 63 Op. Att'y Gen. 43 (1974). The strictures of subsection (a), however, cannot be avoided by abstaining from official action because a violation of subsection (a) occurs if the public officer is even authorized to participate in the making of the contract or to perform some official discretionary function concerning the contract.
Specific questions have arisen concerning the committees' functions under the erosion control program, section 92.10, the soil and water conservation program, sections 92.104 and 92.105, the nonpoint source water pollution abatement program, section 144.25, and the Wisconsin farmers fund program, section 92.15. There may be slight variations in the way the counties administer specific programs. As the following discussion illustrates, however, the potential for a land conservation committee member violating section 946.13 exists under all of the programs mentioned.
Under the soil erosion control program, section 92.10, the county land conservation committee prepares and implements a soil erosion control plan for the county. Land owners or land users are eligible to receive state grants covering up to seventy percent of the cost of implementing conservation practices included in the soil erosion control plan. Although the funds come from the Department of Agriculture, Trade and Consumer Protection, under section 92.10(7) the recipient of the money must contract with the land conservation committee. That contract must include an agreement to conduct all land management activities in substantial accordance with the committee's plan or to repay the grant funds to the committee. The committee, therefore, determines whether a recipient is complying with its plan. The committee's determination that a recipient is not in compliance requires the recipient to repay the funds.
There can be no doubt that the contract is a "public contract" under section 946.13. There can be no doubt that the committee members are authorized to perform "some act with regard to the contract in an official capacity." Therefore, unless some other exception to section 946.13 applies, a member of the land conservation committee who entered into a contract under section92.10 *Page 186 
would be in violation of section 946.13(1)(a). As noted earlier, abstaining from voting as a committee member does not avoid violations of section 946.13(1)(a).
The same problem would occur if the land conservation committee administered the nonpoint source water pollution program under section 144.25. Under section 144.25(6), the county, city or village is responsible for local administration and implementation of watershed projects. Under the program, individuals may receive cost-sharing grants of up to eighty percent of the cost of implementing the approved management practice. Under section 144.25(8)(d), each cost-sharing grant must be approved by the designated management agency for the county. If the land conservation committee is designated as the management agency, any member of the committee who entered into a cost-sharing grant would be in violation of section 946.13(1)(a) unless some exception to that statute applied.
Under section 92.104, the land conservation committee must ensure that a soil and water conservation plan is prepared for land covered by a farmland preservation agreement. A committee approved plan must be included in any farmland preservation agreement. Sec. 92.104(2), Stats. Under section 92.104(4), if the committee determines that a farming operation is not being conducted in compliance with the plan, it must issue a notice of noncompliance. If a notice of noncompliance is in effect, the farmland is not eligible for farmland preservation tax credits under section 71.09(11).
Section 92.105 requires the land conservation committee to establish soil and water conservation standards. Section92.105(5) and (6) requires the land conservation committee to determine whether the covered farming operations are complying with its soil and water conservation standards. If the committee determines that a farming operation is not complying, it must issue a notice of noncompliance and the farmland preservation credit under section 71.09(11) cannot be claimed.
The farmland preservation tax credit in section 71.09(11) provides a tax credit to owners of farmland which is subject to agricultural use restrictions. Although the usual tax credit would not be considered a public contract, except in some Hobbesian sense, the farmland preservation credit is definitely a contract between the claimant and the state. First, the payment is obviously more than *Page 187 
simply a credit against taxes owed because "[i]f the allowable amount of claim exceeds the income taxes otherwise due on claimant's income or if there are no Wisconsin income taxes due on claimant's income, the amount of the claim not used as an offset against income taxes shall be certified to the department of administration for payment to the claimant by check, share draft or other draft drawn on the general fund." Sec.71.09(11)(am), Stats. Section 71.09(11)(o) provides that no tax credit may be allowed if there is a notice of noncompliance under section 92.104 or 92.105. As discussed earlier, determinations of noncompliance are within the discretion of the land conservation committee. Therefore, any claimant's eligibility for the tax credit depends on the exercise of discretion by the land conservation committee.
The farmland preservation credit is quite clearly a contract in which the claimant agrees to comply with various land use restrictions in exchange for money in the form of a tax credit or outright grant from the state. Secs. 92.104, 92.105 and 91.13(8), Stats. Section 91.13(8)(e) provides that the state agrees to pay, with respect to each year a farmland preservation agreement is in effect, the credits claimable under section 71.09(11) if all the requirements of that statute are satisfied. Anyone claiming a credit under section 71.09(11) is entering into a public contract. Because compliance with that contract is determined by the land conservation committee, any member of that committee would violate section 946.13(1)(a) by claiming the credit unless some exception to section 946.13 applied.
It has been suggested that committee members of those land conservation committees which employed staff would not be subject to the strictures of section 946.13 because section 92.09
provides that in those situations the staff"may exercise the powers granted to the land conservation committee." That grant of authority to the staff, however, does not remove the committee's authority and responsibility. The committee is still authorized to participate in the making of the contracts and authorized to perform acts with regard to the contracts. The committee may choose to exercise its authority through staff members. The ultimate authority, however, always remains with the committee.Steele v. Gray, 64 Wis.2d 422, 219 N.W.2d 312, 223 N.W.2d 614
(1974). Because that authority remains with the committee, committee members risk violating section *Page 188 946.13(1)(a) even if actual decisions in individual cases are made by staff members.
Section 946.13(2)(a) provides that subsection (1) does not apply to "[c]ontracts in which any single public officer or employe is privately interested which do not involve receipts and disbursements by the state or its political subdivision aggregating more than $5,000 in any year." If a member of a land conservation committee is participating in all of the programs discussed above, but the total amount of payments does not aggregate more than $5,000 in any year, there is no violation of section 946.13(1)(a). That is true even if the contract is for more than $5,000 if the member does not receive more than $5,000 in any single year. Therefore, if a committee member received a grant totaling $20,000 to be paid in equal installments over five years, no violation of section 946.13(1)(a) would occur. If during one of those years, however, that committee member received some other grant over $1,000, a violation would occur that year.
I realize these conclusions may work a harsh result and might actually discourage well-qualified and well-intentioned individuals from participating on the land conservation committees. Although public service often requires sacrifice, one may question whether a member of a land conservation committee should be denied assistance, which is by definition assistance granted in the public interest, merely because he or she consents to serve on that committee. The result in this opinion, however, is dictated by the statute. Absent any change in that statute, land conservation committee members would be well advised to enter into contracts discussed in this opinion only after careful thought. Anyone found guilty of violating section 946.13(1) is guilty of a felony. Any contract entered into in violation of section 946.13 is void and neither the state nor the county would incur any liability on that contract. Sec. 946.13(3), Stats. A committee member found in violation of this statute, therefore, would face a fine, imprisonment or both and might well be forced to pay back the amount of the contract.
DJH:AL *Page 189