JOHN P. ZAKOWSKI, District Attorney Brown County
You have asked for my opinion whether members of a Private Industry Council (PIC) who are executives, directors or board members of private or public entities that receive benefits under the Job Training Partnership Act (JTPA) are violating section946.13, Stats.
The JTPA provides that the Governor designate service delivery areas for the state, and that there be a PIC for each service delivery area. 29 U.S.C. §§ 1511 and 1512. The PIC is to consist of representatives from the private sector, educational agencies, organized labor, rehabilitation agencies, community-based organizations, economic development agencies and the public employment service. 29 U.S.C. § 1512(a)(1) and (2). Members of the PICs are appointed by local elected officials to serve fixed and staggered terms; and they serve until their successors are appointed. 29 U.S.C. § 1512. The PIC has a duty to provide policy guidance and oversight with respect to the job training plan for its service area. 29 U.S.C. § 1513(a). It determines procedures for the development of the job training plan, selects as a grant recipient the entity to administer the program and approves its own budget. It also may hire a staff, incorporate, solicit contributions and grant funds. 29 U.S.C. § 1513. The Governor certifies a PIC if he determines that its composition and appointments are consistent with the provisions of the federal law.
You have reported that the director of a local community agency is a member of a PIC. The PIC selects and contracts with an administrative agency, which allocates JTPA funds to subgrantees and ultimately to the users of JTPA funds. The local community agency and other local service providers submit applications for funding (usually in the amount of several hundred thousand dollars) to the PIC's administrative agency. The applications for funding are reviewed by the administrative agency and submitted to the *Page 307 
PIC. The PIC or designated committee meets to review and approve applications submitted for funding. In many instances, where numerous applications are made, some are denied as a result of the competitive selection process. The director of the local community agency abstains from voting on the application of that agency. That local agency's application is then approved and funds are awarded.
You note that there are other situations where PIC members are executives or board members of private or public entities that receive JTPA benefits.
Public officers are prohibited by section 946.13 from having private interests in specified public contracts. Section946.13(1) provides:
 Any public officer or public employe who does any of the following is guilty of a Class E felony:
 (a) In his private capacity, negotiates or bids for or enters into a contract in which he has a private pecuniary interest, direct or indirect, if at the same time he is authorized or required by law to participate in his capacity as such officer or employe in the making of that contract or to perform in regard to that contract some official function requiring the exercise of discretion on his part; or
 (b) In his capacity as such officer or employe, participates in the making of a contract in which he has a private pecuniary interest, direct or indirect, or performs in regard to that contract some function requiring the exercise of discretion on his part.
In a February 23, 1984, informal opinion to Governor Anthony S. Earl, my predecessor concluded that members of a PIC are public officials under section 946.13. The attorney general pointed out that the question of who is a "public officer" was considered inMartin v. Smith, 239 Wis. 314, 332, 1 N.W.2d 163 (1941), wherein the court adopted the reasoning of the Montana Supreme Court:
 "[T]o constitute a position of public employment a public office of a civil nature, it must be created by the constitution or through legislative act; must possess a delegation of a portion of the sovereign power of government to be exercised for the benefit of the public; must have some permanency and continuity, and not be only temporary or occasional; and its powers and duties must be derived from legislative authority and be performed *Page 308 
independently and without the control of a superior power, other than the law, except in case of inferior officers specifically placed under the control of a superior officer or body, and be entered upon by taking an oath and giving an official bond, and be held by virtue of a commission or other written authority."
 This definition of "public office" is no doubt a summary of the law upon the subject arrived at by an analysis and careful consideration of the authorities. The conclusion reached by the Montana court is in accord with the statements contained in the note which is appended to the case. It is certain that a person employed cannot be a public officer, however chosen, unless there is devolved upon him by law the exercise of some portion of the sovereign power of the state in the exercise of which the public has a concern.
The attorney general concluded:
 I am of the opinion, however, that they are "public officers" within the meaning of that term as used in section 946.13. They do exercise by delegation a portion of the sovereign power of government to be exercised for the benefit of the public; they are appointed by chief executive officers of units of local government and are certified by the Governor; they are appointed for specific terms . . . . It [meaning the PIC] is created pursuant to federal law, provisions of which have been accepted by the state pursuant to section 16.54. It is intended to serve, primarily, a public rather than a private purpose. I am aware that section 946.13 is a criminal statute and must be strictly construed. Menasha Wooden Ware Co. v. Winter, 159 Wis. 437, 150 N.W. 526 (1915). However, PIC members are concerned with the expenditure of state funds made available from the federal treasury under the JTPA. Members are nominated from the private sector and educational agencies, organized labor, rehabilitation agencies, community-based organizations, economic development agencies and the public employment service, but once appointed, their duty is to carry out the terms of the JTPA in the interest of the entire public.
I agree that PIC members are public officers under section946.13. Section 946.13(1)(a), therefore, prohibits PIC members in a private capacity from negotiating, bidding for or entering into a *Page 309 
contract in which the member has a private pecuniary interest, direct or indirect, if that PIC member is authorized or required by law to participate in the making of the contract on behalf of the PIC or to exercise some official discretion involving that contract. Section 946.13(1)(b) prohibits the PIC member in that capacity from participating in the making of a contract in which the member has a private pecuniary interest, whether direct or indirect, or from performing some function requiring official discretion.
Section 946.13(1)(a) is violated if the PIC member is authorized to participate in an official capacity. Actual participation in an official capacity is not necessary. Section946.13(1)(b), on the other hand, requires actual participation in an official capacity before there is a violation. 75 Op. Att'y Gen. 172 (1986).
 Section 946.13(1)(a) has three elements: (1) a direct or indirect private pecuniary interest in a public contract; (2) negotiating, bidding or entering into the contract in a private capacity; and (3) being authorized or required to participate in the making of the contract or to perform some act with regard to the contract in an official capacity.
75 Op. Att'y Gen. at 173.
Whether an official has a private pecuniary interest in a contract must be decided on a case-by-case basis, but usually directors, executives and board members of private entities have the requisite direct or indirect pecuniary interest in a contract between their companies and the official bodies on which they serve. "It is generally held that an officer, director, or stockholder of a corporation has a pecuniary interest in the contracts or that corporation . . . ." Vol. V, Judiciary Committee Report on the Criminal Code, comments on section 346.13
(now section 946.13) at 180 (February 1953). See also Bissell L.Co. v. Northwestern C. S. Co., 189 Wis. 343, 207 N.W. 697
(1926), officials were treasurer and superintendent of company; 60 Op. Att'y Gen. 310 (1971), official was stockholder, board chairman and general manager of corporation; 18 Op. Att'y Gen. 329 (1929), official was officer and stockholder of company; and 18 Op. Att'y Gen. 70 (1929), official was secretary of company.
Salaried employes can also have the requisite pecuniary interest in the public contract. Again, the determination must be made on a case-by-case basis considering factors such as the compensation the *Page 310 
employe receives, the length and type of employment, the size of the community and the availability of other employment. SeeEdward E. Gillen Co. v. Milwaukee, 174 Wis. 362, 372,183 N.W. 679 (1921), 75 Op. Att'y Gen. at 173 and 23 Op. Att'y Gen. 454, 455-56 (1934).
The same type of case-by-case analysis that is applied to employes of private entities to determine whether they have a pecuniary interest in the contract should be applied to the executives, directors and board members of the public entities. Although these officials of a public entity do not have a direct pecuniary interest in the contract, their positions with the public entity and the viability of that entity may be affected by the public contract to an extent that they have an indirect pecuniary interest in the contract.
The second element of section 946.13(1)(a) requires the official in his or her private capacity to negotiate, bid on or enter into the contract. This element can be satisfied by the official personally partaking in such activity or by the official acting through an agent. 75 Op. Att'y Gen. at 174; 63 Op. Att'y Gen. 43, 45 (1974) and 52 Op. Att'y Gen. 367, 370 (1963). Whether the official in his or her private capacity personally or through an agent negotiated, bid on or entered into the public contract must be decided on a case-by-case basis depending upon the facts of each case.
The final element of section 946.13(1)(a) is that the official be authorized or required to participate in an official capacity in the making of the contract or in the performance of some act requiring the exercise of discretion with regard to the contract. You have pointed out that the PIC or a committee reviews and approves applications for funding. If the individual PIC member whose company or private entity has submitted a bid is on the board or committee that is responsible for reviewing and approving the application for funds, the PIC member has satisfied the third element even if he or she abstains from participating. This is because the members of the committee and, ultimately, the members of the council, which delegated duties to the committee, have the authority to participate in the making of the contract or in the performance of some act requiring the exercise of discretion in regard to the contract. As noted above, actual participation is not required. The element is satisfied when the PIC member has the authority to act.
An official does not violate section 946.13(1)(b) if he or she does not act in his or her official capacity in regard to the contract. In *Page 311 
other words, the official does not violate section 946.13(1)(b) if he or she abstains from any official discussion, deliberation or voting on the contract and, for example, removes himself or herself from any official decision about how funds are spent or from official oversight of the performance of the contract subsequent to its approval. Under the facts you have presented, the PIC members do not violate section 946.13(1)(b) because they abstain from voting. I am assuming that, when you say they abstain from voting on the contract in which they have an interest, the facts would show that in their official capacity they do not participate in any other manner in the making of the contract and they do not perform any other function in regard to the contract that requires the exercise of their discretion.
In addressing your question, I have also assumed that the value of the contracts is in excess of $7,500 so that the contracts would not be exempted from the coverage of section 946.13(1) by section 946.13(2)(a) as amended by 1987 Wisconsin Act 399, section 472zm.
DJH:SWK *Page 312